Westlaw.

Slip Copy, 2012 WL 1366612 (Tenn.Crim.App.)
**(Cite as: 2012 WL 1366612 (Tenn.Crim.App.))**

**H**
Only the Westlaw citation is currently available.

SEE RULE 19 OF THE RULES OF THE COURT OF CRIMINAL APPEALS RELATING TO PUBLICATION OF OPINIONS AND CITATION OF UNPUBLISHED OPINIONS.

Court of Criminal Appeals of Tennessee,
at Nashville.
Jon Douglas HALL
v.
Ricky BELL, Warden, and State of Tennessee.

No. M2011–00858–CCA–R3–HC.
Assigned on Briefs at Knoxville Dec. 13, 2011.
March 16, 2012.
Application for Permission to Appeal Denied by Supereme Court Sept. 21, 2012.
Petition to Rehear Denied Oct. 11, 2012.

Appeal from the Circuit Court for Davidson County, No. 10–C–2789; Hamilton V. Gayden, Jr., Judge.
Jon Douglas Hall, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Andrew Hamilton Smith, Assistant Attorney General; and Victor S. Johnson, III, District Attorney General, for the appellee, State of Tennessee.

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. , and JOHN EVERETT WILLIAMS, JJ., joined.

**OPINION**
JOSEPH M. TIPTON, P.J.
  **\*1** The Petitioner, Jon Douglas Hall, appeals the Davidson County Circuit Court's denial of his second petition for a writ of habeas corpus from his 1997 first degree murder conviction and resulting death sentence. The Petitioner contends that his conviction and sentence are void because (1) the trial court did not have jurisdiction to change the venue of his trial, (2) the procedure used to implement the death penalty is unconstitutional, and (3) his confinement and death sentence violate double jeopardy principles. We affirm the judgment of the trial court.

  The Petitioner was convicted of capital murder in 1997 and our supreme court upheld the conviction and death sentence on direct appeal. *See State v. Hall,* 8 S.W.3d 593 (Tenn.1999), *reh'g denied* (Dec. 27, 1999), *cert. denied,* 531 U.S. 837, 121 S.Ct. 98, 148 L.Ed.2d 57 (2000). The Petitioner sought post-conviction relief, which the trial court denied, and this court affirmed the denial of relief on appeal. *See Jon Hall v. State,* No. W2003–00669–CCA–R3–PD, Madison County (Tenn.Crim.App. Jan. 5, 2005), *perm. app. denied* (Tenn. June 20, 2005). In his first petition for a writ of habeas corpus, the Petitioner contended that his judgment of conviction was void because the trial court lacked jurisdiction. *See Jon Douglas Hall v. State of Tennessee/Ricky Bell, Warden,* No. M2005–00572–CCA–R3–HC, Davidson County, slip op. at 1 (Tenn.Crim.App. July 19, 2006), *perm. app. denied* (Tenn. Nov. 27, 2006). There, the Petitioner argued that he did not consent to the change of venue from Henderson County to Madison County. *Id.* In denying appellate relief, this court said that the record showed that the "petitioner filed two motions seeking a change of venue with the Henderson County trial court" and that the State did not oppose the second motion. *Id.,* slip op. at 3. This court also concluded that the Petitioner failed to state a cognizable claim for habeas corpus relief. *Id.* (citing *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993)). The Petitioner sought and was denied coram nobis relief on identical grounds. *See Jon Hall v. State,* No. W2007–02656–CCA–R3–PD, Madison County, slip op. at 1 (Tenn.Crim.App. June 5, 2009), *perm. app. denied* (Tenn. Nov. 23, 2009).

© 2012 Thomson Reuters. No Claim to Orig. US Gov.

**Summary Judgment Exhibit [3]**

Slip Copy, 2012 WL 1366612 (Tenn.Crim.App.)
**(Cite as: 2012 WL 1366612 (Tenn.Crim.App.))**

In his second petition for a writ of habeas corpus, the Petitioner contended that his conviction and sentence were void because (1) the trial court lacked jurisdiction to convict him after his case was transferred from another county; (2) the aggravating circumstance in Tennessee Code Annotated section 39–13–204(i)(5), "the murder was especially heinous, atrocious, or cruel, in that it involved torture or serious physical abuse beyond that necessary to produce death," was unconstitutional; and (3) his imprisonment before execution constituted double jeopardy in that both were multiple punishments for the same offense. In its motion to dismiss, the State argued that (1) the issue of venue was decided in the first petition for habeas corpus relief, (2) the issue of whether the aggravating factor used to sentence the Petitioner to death was constitutional was decided in the petition for post-conviction relief, and (3) the double jeopardy issue was not a cognizable claim for habeas corpus relief. The trial court denied relief by written order on the ground that the Petitioner failed to state a cognizable claim for which habeas corpus relief could be granted. This appeal followed.

**I**

*2 The Petitioner first contends that his conviction and sentence are void because the trial venue was transferred from Henderson County to Madison County without his consent. He argues that the trial court erred in changing the venue without a hearing and over his objection. The State contends that the trial court properly denied relief on this issue. The State also notes that this issue was previously resolved by this court in the Petitioner's first petition for habeas corpus relief. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law that is reviewed de novo with no presumption of correctness. *State v. Livingston,* 197 S.W.3d 710, 712 (Tenn.2006); *Hart v. State,* 21 S.W.3d 901, 903 (Tenn.2001). In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was

without jurisdiction to convict or sentence the defendant or that the sentence has expired. *Archer,* 851 S.W.2d at 164. The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn.1999); *State ex rel. Newsom v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn.1969).

A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers v. State,* 212 S.W.3d 251, 256 (Tenn.2007). A voidable judgment "is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* at 255–56. The burden is on the petitioner to establish that the judgment is void or that the sentence has expired. *State ex rel. Kuntz v. Bomar,* 214 Tenn. 500, 381 S.W.2d 290, 291–92 (Tenn.1964). The trial court, however, may dismiss a petition for writ of habeas corpus without a hearing and without appointing a lawyer when the petition does not state a cognizable claim for relief. *Hickman v. State,* 153 S.W.3d 16, 20 (Tenn.2004); *State ex rel. Edmondson v. Henderson,* 220 Tenn. 605, 421 S.W.2d 635, 636–37 (Tenn.1967); *see* T.C.A. § 29–21–109 (2010).

The Petitioner contended in his first habeas corpus petition that the trial court lacked jurisdiction because he did not consent to the change of venue from Henderson to Madison County. This court stated that the record showed "that the petitioner filed two motions seeking a change of venue with the Henderson County trial court." *Jon Douglas Hall,* slip op. at 1. This court also concluded that the Petitioner's claim was not a claim for which habeas corpus relief could be granted. *Id.* (citing *Archer,* 851 S.W.2d at 164).

A previous adjudication of an issue bars a petitioner from raising the same issue in a subsequent petition for habeas corpus relief. *Myers v. State,* 3 Tenn.Crim.App. 414, 462 S.W.2d 265, 269 (Tenn.1970); *see Bryan Pearson v. State,* No. E2005–02606–CCA–R3–HC, Bledsoe County

Slip Copy, 2012 WL 1366612 (Tenn.Crim.App.)
**(Cite as: 2012 WL 1366612 (Tenn.Crim.App.))**

(Tenn.Crim.App. May 25, 2006), *perm. app. denied* (Tenn. Oct. 2, 2006). The Petitioner is prohibited from litigating this issue again in his second petition for relief.

*AGAIN? First You Said it was not Cognizable*

**II**

*3 The Petitioner contends his sentence is void because the procedure used to implement the death penalty is unconstitutional. He argues that because the statutory aggravating circumstance in Tennessee Code Annotated section 39-13-204(i)(5) has been interpreted by our supreme court to include mental torture of one's self or a loved one, the death penalty protocol likewise causes mental torture and is unconstitutional. The Petitioner argues that a twenty-minute interval from the time an inmate enters the death chamber to execution and death is mental torture. Apparently misunderstanding the Petitioner's claim, the State responds that the constitutionality of the aggravating circumstance found during sentencing was resolved in his petition for post-conviction relief. We note, though, that the Petitioner did not raise his current contention before the trial court. The Petitioner contended before the trial court that the aggravating circumstance found during the sentencing phase of his trial, Tennessee Code Annotated section 39-13-204(i)(5), was unconstitutionally vague and failed to narrow a class of defendants eligible for the death penalty. The Petitioner raises the constitutionality of the death penalty protocol for the first time on appeal.

An illegal sentence results in a void judgment and is a cognizable claim for habeas corpus relief. *See Stephenson v. Carlton,* 28 S.W.3d 910, 911 (Tenn.2000); *see also Luther E. Fowler v. Howard Carlton, Warden,* No. E2004-01346-CCA-R3-HC, Johnson County (Tenn.Crim.App. Mar. 21, 2005), *perm. app. denied* (Tenn. June 27, 2005). An illegal sentence is a "jurisdictional defect" and the Petitioner must show that the "jurisdictional defect appears in the record of the original trial, thereby creating a void judgment." *Luther E. Fowler,* slip op. at 4. The Petitioner must show, based on the record of the trial, that the trial court lacked jurisdiction to

sentence the Petitioner to death. *See Stephenson,* 28 S.W.3d at 911; *see also Luther E. Fowler,* slip op. at 4. Here, the Petitioner contends that his conviction is void because the procedure used to implement the death penalty is unconstitutional. We conclude the Petitioner has failed to state a cognizable claim for habeas corpus relief.

**III**

The Petitioner contends that his current confinement before his pending execution violates principles of double jeopardy. He argues that because he was convicted of a single count of first degree murder, his current confinement and pending execution constitute multiple punishments for the same offense. He argues his only sentence was death. The State contends that the Petitioner misapprehends the law and fails to state a cognizable claim for habeas corpus relief. We agree with the State.

This court has recognized that challenges to convictions based upon constitutional violations in the conviction proceedings are issues for post-conviction relief rather than habeas corpus relief. *Luttrell v. State,* 644 S.W.2d 408, 409 (Tenn.Crim.App.1982); *see Fredrick B. Zonge v. State,* No. 03C01-9903-CR-00094, Morgan County, slip op. at 2 (Tenn.Crim.App. Dec. 16, 1999) (stating "alleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied* (Tenn. June 26, 2000). This court has stated that " '[a]n allegation of double jeopardy does not render a conviction void, but merely voidable.' " *Ricky Lynn Hill v. Tony Parker, Warden,* No. W2010-01423-CCA-R3-HC, Lake County (Tenn.Crim.App. Jan. 24, 2011) (quoting *William C. Brothers v. State,* No. W2008-01680-CCA-R3-HC, Lauderdale County (Tenn.Crim.App. Oct. 14, 2009)). The Petitioner's contention, even if true, would render the judgment voidable, not void. The Petitioner has not stated a cognizable claim for habeas corpus relief.

*4 In consideration of the foregoing and the re-

Slip Copy, 2012 WL 1366612 (Tenn.Crim.App.)
**(Cite as: 2012 WL 1366612 (Tenn.Crim.App.))**

cord as a whole, we affirm the judgment of the trial court.

Tenn.Crim.App.,2012.
Hall v. Bell
Slip Copy, 2012 WL 1366612 (Tenn.Crim.App.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.