IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville December 13, 2011

## JON DOUGLAS HALL v. RICKY BELL, WARDEN, AND STATE OF TENNESSEE

Circuit Court for Davidson County
No. 10-C-2789

No. M2011-00858-CCA-R3-HC

FILED
MAY 17 2012
Clerk of the Courts

## ORDER

Pursuant to Tennessee Rule 39 of Appellate Procedure, the Petitioner, pro se, has filed a petition for rehearing of the opinion entered on March 16, 2012, denying appellate relief for his second petition for habeas corpus relief. In support of his request for rehearing, the Petitioner first contends that the issue of whether his conviction and sentence were void because the trial venue was transferred to another county without his consent was not previously decided. This is not accurate. In the Petitioner's first petition for habeas corpus relief, he argued that he did not agree to a change of venue, which deprived the trial court of jurisdiction and rendered his conviction and sentence void. Jon Douglas Hall v. State, M2005-00572-CCA-R3-HC, Davidson County, slip op. at 3 (Tenn. Crim. App. July 19, 2006) (Hall II). There, this court concluded that the record showed that "the Petitioner filed two motions seeking a change of venue with the Henderson County trial court," that the State "consented to the second of these motions," and that the trial court granted the change of venue pursuant to Tennessee Rule of Criminal Procedure 21. Although the Petitioner contends the State perpetrated a fraud upon the trial court during his first petition for habeas corpus relief, this court's review of the record showed that the Defendant, through counsel, requested the change of venue. Likewise, trial counsel testified at the post-conviction hearing that a "change of venue was 'absolutely necessary'," that the change of venue was discussed with the Defendant, and that the motion for a change of venue was filed with the Defendant's consent, although the change of venue was not at issue. Jon Hall v. State, W2003-00669-CCA-R3-PD, Madison County, slip op. at 13 (Tenn. Crim. App. Jan. 5, 2005) (Hall I), perm. app. denied (Tenn. June 20, 2005). Because the issue was previously adjudicated, the Petitioner is not entitled to a rehearing. See Myers v. State, 462 S.W.2d 265, 269 (Tenn. 1970).

The Petitioner also contends that this court's opinions in Hall I and Hall II are

Summary Judgment
Exhibit [4]
Case 3:19-cv-00628   Document 1-6   Filed 07/24/19   Page 1 of 2 PageID #: 68

inconsistent. In Hall I, slip op. at 13, trial counsel testified at the post-conviction hearing that in addition to the Petitioner's consenting to the change of venue, the trial court "granted the change without a hearing." As noted above, the change of venue was not at issue. In Hall II, slip op. at 3, this court concluded that the record showed that the State consented to the second motion for a change of venue and the trial court granted the motion. When the parties agree or fail to oppose a motion, a hearing on the motion is unnecessary. This court's opinions are not inconsistent. The Petitioner is not entitled to a rehearing on this basis.

The Petitioner contends that this court erroneously stated that he did not raise the issue of the constitutionality of the death penalty protocol in the trial court. Our review of the Petitioner's second petition for habeas corpus relief failed to show that the Petitioner raised the issue in the trial court. The Petitioner contended the death penalty was unconstitutionally vague and failed to narrow a class of defendant's eligible for the death penalty. In any event, this court reviewed the merits of the Petitioner's contention on appeal and concluded that the constitutionality of the death penalty protocol was not a cognizable claim for habeas corpus relief. See Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000); see also Luther E. Fowler v. Howard Carlton, Warden, No. E2004-01346-CCA-R3-HC, Johnson County (Tenn. Crim. App. Mar. 21, 2005), perm. app. denied (Tenn. June 27, 2005). This is not a proper basis for a rehearing.

Lastly, the Petitioner contends that this court misunderstood his contention relative to his current confinement and pending execution. He argues that his contention focused on the court's lack of authority to imprison him, and thus, violated double jeopardy principles. The Petitioner stated in his brief that he "only ha[d] one judgment, 'death.' (citations omitted). T.D.O.C. lacks authority to increase a judgment by imposing multiple punishments for just one offense! (citations omitted). 'It is unconstitutional [under double jeopardy] to increase a sentence after a prisoner had begun serving it.'" He goes on to state that his sentence is void "under the 'multiple punishments' prohibition," and argues he "has been illegally imprisoned." In his current petition to rehear, he states the jury's "rejection of the life sentence punishment, . . . barred the Court . . . from taking him prisoner . . . ." This court did not misconstrue the Petitioner's contention.

Accordingly, the petition for rehearing is DENIED.

PER CURIAM
(Tipton, P.J., Witt, J., Williams, J.)

-2-