

Relevance: Research **Richardson v Mitchell** 237 SW2d 577, 585 (Tn 1950), refers to this case (showing error on face of record; TCA § 40-13-210 (Every jurisdictional fact must be on record).

2. Courts KEY 35.

Where **new powers** *conferred by statute* are *brought into action in usual form of procedure,* rule of **strict construction** is **inapplicable,** and **jurisdiction will be presumed** in support of judgment. Id. at 562.

[ 565

[2] If the procedure laid down in the statute conferring the new power or new right is such procedure as ordinarily prevails in **courts of common law** and **equity,** then there is nothing derogatory to common-law practice and equity practice in the matter of procedure. There is **no reason** therefore, to **apply any rule of strict construction** *to statutory procedure* of this nature.

**On the other hand,** if the **rights conferred or statutes** created by the new law be in **derogation of rights** existing at common law, the **rule of strict construction** is applied to the rights and status so **arising, under** our cases. Tn R. Crim. P., Rule 1 (e); TCA § 16-3-403; TCA § 39-11-203 (e) (2)

In Harvey v. Tyler, 2 Wall. 328, 342, 17 L.Ed. 871, the Supreme Court of the United States said:

"The jurisdiction which is **now exercised by common law courts** in this country, is, in a very large proportion, dependent upon special statutes conferring it. Many of these statutes create, for the first time, the rights which the courts is called upon to enforce, and many of them prescribe with minuteness by the **mode in which these rights are to be pursued** in the courts. **Many of the powers thus granted** to the court *are not only at variance with* the common law, but often in detraction of that law. In all cases where the **new powers,** thus conferred, are to be brought into action in the usual form of common law or chancery [ 566 proceedings, we apprehend there can be little doubt that the same **presumptions as to the jurisdiction of the court** and the *conclusiveness of its action will be made,* as in cases falling more strictly within the usual powers of the court. On the other hand, powers may be conferred on the court and duties required of it, **to be exercised in a special and often *summary manner*,** in which the order or judgment of the court **can only be supported by a record which shows that it had jurisdiction of the case.**" *Summary Manner*

In Galpin v Page, 18 Wall. 350, 371, 21 L.Ed. 959, the Supreme Court further said:

"'A court of **general jurisdiction**,' says the Supreme Court of New Hampshire, 'may have **special and summary powers**, wholly **derived from statutes**, not exercised according to the course of the **common law**, and which do not belong to it as a court of general jurisdiction. In such cases, **its decisions must be regarded and treated like those of courts of limited and special jurisdiction**. The jurisdiction in such cases, both as to the *subject-matter of the judgment,* and as to the persons to be affected by it, **must appear by the record;** *and everything will be presumed to be without the jurisdiction* which does not distinctly appear to be within it.' Morse v. Presby, 5 Fost. [25 N.H.] 302. The qualification here made that the *special powers* conferred are not exercised according to the course of the common law is important when the special powers conferred are brought into action according to the course of that law, that is, **in the usual form of common law** and chancery proceedings, **by regular** process and personal service, where **a personal judgment or decree is asked,** or by seizure or attachment of the property where a judgment in rem is sought, the same presumption of jurisdiction will usually attend the judgments of the court as in cases **falling within its general powers.**"

*Limited*

*Must Appear*

In the last quotation the court is evidently referring to proceedings strictly **in rem,** such as our attachment laws provide, which practice is *not according to the course of* **common law.**

**Summary Judgment Exhibit [5]**

The foregoing expressions from the Supreme Court of the United States might have served as a chart for all the decisions of this court, except one class of cases, wherein it has been declared that *the record must disclose the existence of statutory prerequisites to the exercise of special powers by a court of general jurisdiction.* They were cases in which the procedure prescribed by statute was out of line with conventional common law and equity practice. They involved summary proceedings against delinquent officers, summary judgments over by sureties, statutory remedies for the collection of taxes, proceedings by attachment and otherwise upon publication and without service of process, and other procedure not known to the courts of common law and to courts of equity. The cases are detailed in note 1 hereto.

The exceptional cases above mentioned are those under the statute authorizing a suit by an administrator to sell a descendant's land to pay his debts. It is said in some of those cases that *the record must disclose the compliance with all preliminary steps required by the statute before a decree of sale will be regarded as valid,* even though the practice in such cases is according to the usual practice in courts of equity. Among these cases are (cases prior to S.W.2d series omitted). \* \* \*

Of these cases it may be said that they have for their object to divesting title to land out of the heirs in whom such title vested upon the ancestor's death. Vested rights, not expectancies, are touched. The courts have been disposed to regard disturbance of these rights a grave matter. However, the authority of the cases mentioned was weakened by (cite omitted); and their authority still further shaken by Puckett v. Wynns, 178 S.W. 1184. In the latter case a decree of the county court, pronounced in a suit brought under the statute to sell land of descendant for debts, was accorded the benifit practically of the presumptions which attend a decree of the chancery in an ordinary case. The **immunity** of an old judgment was emphasized. Id. at 566.

5. Judgment KEY 542.

Judgment of court of general jurisdiction cannot be questioned by parties or privies except for court's **want of authority,** appearing on the record itself. Id. at 563.

[5] ***Where an attack is made upon a judgment or decree** of a court of general jurisdiction by parties or their privies, such judgment or decree **cannot be questioned** except for **want of authority** over the matters adjudicated upon, and this **want of authority must be found** in the record itself.* In the **absence of anything in the record to impeach the right of such court** to determine the **question involved,** there is a ***conclusive presumption** that it had such a right.* (Citations omitted). Id. at 567.

11. JUDGMENT KEY 707

Stranger *can not **attack judgment** without **showing prejudice** to the right* of his which accrued prior to judgments rendition. Id. at 563.

[11] The text writers say that not every stranger is entitled to impeach a judgment. Only those strangers prejudiced in some existing right by such judgment can maintain a collateral attack. Freeman on Judgments (5th Ed.) 319; Black on Judgments, 260; 34 C.J 526. That is, the assailant must show prejudice to some right of his that accrued prior to the rendition of the judgment. Of course Mrs. Hamilton's distributees had no rights in her estate prior to her death.

Whether regarded as strangers or as Mrs. Hamilton's privies, therefore, complainant's have no standing to maintain this attack, and, for the reasons heretofore stated, we think the attack is not maintainable were complainant's not so disabled.

We are not inappreciative of the diligence of counsel in collecting and submitting for our help the many authorities cited on the briefs. We must close our discussion of this branch of the case with the observation that we cannot regard the **adoption decree as void.** The contrary contention, analyzed, has but two bases: **want of proper parties** and **insufficient pleadings.**

- 2 -



**Richardson v. Mitchell**, 237 S.W.2d 577, 584-85 (Tn. 1950)

Relevance: Overcomes Ritchie's requirement of showing face of record void, because; they never showed they had jurisdiction by law in first place T.C.A. § 40-13-210 and burden of proof of venue T.C.A. § 39-11-201 (e); of the territorial jurisdiction under T.C.A. § 39-11-103(a). Thus, the court was of "limited jurisdiction," and the State *must show their authority* ! .... Ritchie @ N, 14

[2] "While it is well settled that a judgment cannot be questioned collaterally for an _[ 584 error committed in the exercise of jurisdiction, the rule is equally well established that a judgment *may be attacked in a collateral proceeding for error assuming jurisdiction.* Even where a court has jurisdiction over the parties and the subject-matter, yet it makes a decree which is not within the powers granted it by the law of its organization, its decree is void. Thus a judgment may be collaterally attacked where the court had jurisdiction of the parties and the subject-matter of action, but did not have jurisdiction of the question which the judgment assumed to determine, or to grant the particular relief which it assumed to afford to the litigants. * * *

One form of usurpation of power on the part of the Court in rendering a judgment is where it attempts to disregard limitations prescribed by law restricting its jurisdiction *** where a court authorized by statute to entertain jurisdiction in a particular case only, and it undertakes to exercise the power and jurisdiction conferred in a case to which the statute has no application, in so doing it will not acquire jurisdiction, and its judgment will be a nullity and *subject to collateral attack.*

_[ 584 [3-7] The chancery court is a court of general jurisdiction. When it exercises this general jurisdiction, there is a presumption that no jurisdictional defect existed in the absence of a showing to the contrary. Here however, the chancery court was exercising a special and limited jurisdiction expressly conferred by statute: to confirm land sales at chambers.

In such cases, our supreme court said in New York Casualty Company v. Lawson, 160 Tenn. 329, 24 S.W.2d 881, 883: "The bill does not impeach the judgment as voidable upon any such ground of equitable relief. It attacks it as void. A void judgment is one which shows upon the face of the record a want of jurisdiction in the court assuming to render the judgment, which *want of jurisdiction* may be either of the person, or of the subject-matter generally, or of the particular question attempted to be decided or the relief assumed to be given . Chickamauga Trust Company v Lonas 139 Tn. 228, 235 201 SW 777, L.R.A. 1918D, 451; Vanvabry v Staton 88 Tn. 353 [334], 12 S.W. 786; Finley v. Gaut 67 Tenn. (8 Baxt.) [148] 149; Holmes v Eason 76 Tenn (8 Lea) [754], 755.

"It may be said that, in the absence of such an affirmative showing of a *jurisdictional defect,* there is a *presumption* that none existed. While this is the rule which is applied to a judgment of a court of general jurisdiction rendered in the exercise of such jurisdiction, it is not the [RULE] for a judgment of a court of special and *limited* jurisdiction or for a judgment of a court of general jurisdiction where such judgment rests, not upon such general jurisdiction, but upon such general jurisdiction, **BUT** upon special and **limited** powers derived from statute. **The [RULE]** for a judgment of either of these kinds is that *every jurisdictional fact must affirmatively appear on record,* or the judgment is *VOID.* This is true of judgments in attachment proceedings. Harris v. Haden, 75 Tn. (7 Lea), 215; Ingle v. McCurry 48 Tn. (1 Heisk.) [26] 29; Walker v Cottrell 65 Tn. _[ Id. begin page 585) (6 Baxt.) [256] 257/ Pope v Harrison 84 Tn. (16 Lea) 82, 95."

See also Magevney v Karsch, 167 Tenn. 32, 65 S.W.2d 562, 92 A.L.R. 343; and Carney v. McDonald, 57 Tenn. 232. In this latter case, the court held: "It appears that the motion was made within twelve months, and while the cause was still in court, for the execution of the judgment. The court, therefore, had the power to order the correction of the clerical mistake. But in doing so, the Judge was in the exercise of a special jurisdiction - a jurisdiction which by the principles of the common law, *HE COULD NOT HAVE EXERCISED.* It was therefore *eessential to the validity of the order made,* that *it should have shown,* either that *the error was apparent* on the record, or in the papers, or **on the minutes** of the Judgment, and in addition, *it should appear* that the opposite party was duly **NOTIFIED.** *None of the essential requisites appear on the reocord ordering the correction.* We are, therefore, of opinion **this order was a nullity.**"

- 1 -