IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

JON DOUGLAS HALL, )
      Petitioner, )
                             ) No. 03C-2887
v.                             )
                              )
RICKY BELL, Warden, )
                              )
      Respondent. )

## MOTION TO DISMISS

Comes the respondent, Ricky Bell, Warden of Riverbend Maximum Security Institution, through the Office of the Tennessee Attorney General, and moves this Court to dismiss the petition for a writ of habeas corpus filed by the petitioner, Jon Douglas Hall, for failure to state a cognizable claim under Tenn. Code Ann. § 29-21-101 *et seq.* In support of this motion, respondent submits the accompanying Memorandum of Law.

Respectfully submitted,

PAUL G. SUMMERS
Attorney General and Reporter

_____
JENNIFER L. SMITH
Senior Counsel
Criminal Justice Division
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-3487
B.P.R. No. 16514

Summary Judgment
Exhibit [6]
MOTION TO DISMISS

Case 3:19-cv-00628 Document 1-8 Filed 07/24/19 Page 1 of 8 PageID #: 73

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been forwarded by first-class mail, postage prepaid, to Jon Douglas Hall, No. 238941, Riverbend Maximum Security Institution, 7475 Cockrill Bend Industrial Road, Nashville, Tennessee 37209-1048, on this the 6th day of November, 2003.

_____
JENNIFER L. SMITH
Senior Counsel

## NOTICE OF HEARING (ORAL ARGUMENT WAIVED)

Since the petitioner in this matter is currently incarcerated in the Tennessee Department of Correction, I request that this matter be submitted for consideration by the Court without oral argument on the court's motion docket on **Friday, November 21, 2003, at 9:00 a.m.**

_____
JENNIFER L. SMITH
Senior Counsel

IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

JON DOUGLAS HALL, )
)
Petitioner, )
)
v. ) No. 03C-2887
)
RICKY BELL, Warden, )
)
Respondent. )

---

## MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

---

*I. Introduction*

On October 10, 2003, the petitioner, Jon Douglas Hall (hereinafter "petitioner" or Hall), filed a petition for a writ of habeas corpus under Tenn. Code Ann. §§ 29-21-101 *et seq.* The respondent, Warden Ricky Bell, through the Office of the Tennessee Attorney General, has filed the accompanying motion to dismiss the petition on grounds that Hall's petition fails to state a cognizable basis for habeas corpus relief.

*II. Facts*

Hall was convicted in 1997 of the first degree murder of his estranged wife, Billie Jo Hall, and sentenced to death for the murder. His conviction and sentence were affirmed on appeal by the Tennessee Court of Criminal Appeals and, thereafter, the Tennessee Supreme Court. *State v. Hall*, 8 S.W.3d 593 (Tenn. 1999) (copy attached); *State v. Hall*, No. 02C01-9703-CC-00095, 1998 WL 208051 (Tenn. Crim. App. Apr. 29, 1998) (copy attached). The facts of Hall's offense are set forth in the opinion of the Tennessee Supreme Court. *Hall*, 8

Summary Judgment
Exhibit [6]
Memo of Law 6 Page

S.W.3d at 596-97. Prior to trial, upon the defendant's motion for a change of venue, the case was transferred from Henderson County to Madison County for trial. After convicting Hall of first degree murder, the jury sentenced him to death, finding that: "[t]he murder was especially heinous, atrocious, or cruel in that it involved torture or serious bodily injury beyond that necessary to produce death." Tenn. Code Ann. §39-13-204(i)(5) (1991).

*III. Authority and Argument*

Hall contends that the trial court lost jurisdiction over his criminal case when it granted the defense motion for a change of venue without his personal acquiescence. According to petitioner, because the murder occurred in Henderson County, the Madison County Circuit Court "fraudulently and illegally acquired jurisdiction" of his case, because he "did not make a knowing and intelligent waiver of his right to a jury trial by a Henderson County jury." Hall further challenges an order, arising out of a separate proceeding in the Carroll County Chancery Court, terminating his parental rights to his two minor children under Tenn. Code Ann. §36-1-113(g)(7), on the ground that he had been convicted of the death of the children's other parent, Billie Jo Hall. He argues that the chancery court's action constitutes "another punishment" based upon the same conduct underlying his capital murder conviction. Neither allegation provides a basis for habeas corpus relief.

Under Tennessee law, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment. . . ." Tenn. Code Ann. § 29-21-101. The object of the remedy is "immediate relief from [an] illegal restraint or confinement." *State ex rel. Dickens v. Bomar*, 214 Tenn. 493, 499, 381 S.W.2d 287, 289 (1964). The grounds upon which habeas corpus

2

relief will be granted are narrow, limited to instances where the petitioner establishes by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. *McLaney v. Bell*, 59 S.W.3d 90, 92 (Tenn. 2001); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 504, 381 S.W.2d 290, 291 (1964).

Where, as in this case, a petitioner asserts a jurisdictional defect, that defect must appear in the record of the original trial. *McLaney*, 59 S.W.3d at 92-93. If the allegations contained in a petition do not demonstrate that the judgment is void, the petition may be dismissed by the trial court summarily. *Id.*, at 92; *see also State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964); Tenn. Code Ann. §29-21-109 ("If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused, the reasons for such refusal being briefly endorsed on the petition, or appended thereto.").

Here, Hall contends that, because he did not make a knowing and intelligent waiver of his right to trial in the county in which the crime was committed, the change of venue from Henderson to Madison County deprived the trial court of jurisdiction over his case. The purpose of a habeas corpus petition, however, is to contest void, not merely voidable, judgments. Petitioner's claim, even if true, would render his conviction merely voidable and not void. To address his claim would require the court to look beyond the face of the judgment or the record of proceedings, which is not proper on habeas corpus review. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Indeed, a presumption of validity attaches to final judgments in criminal convictions, and the essential jurisdictional facts are "conclusively presumed." *State v. Ritchie*, 20 S.W.3d 624, 630 n.12 (Tenn. 2000).

3

Case 3:19-cv-00628   Document 1-8   Filed 07/24/19   Page 5 of 8 PageID #: 77

Moreover, the opinions of the Tennessee Supreme Court and Court of Criminal Appeals on direct appeal from petitioner's murder conviction plainly state that the case was transferred from Henderson to Madison County upon the defendant's own motion for a change of venue. *Hall*, 8 S.W.3d at 595; *Hall*, 1998 WL 208051, at *1. In *State v. Nichols*, 877 S.W.2d 722 (Tenn. 1994), the Tennessee Supreme Court held that the filing of a motion for a change of venue constitutes a waiver of the defendant's constitutional right to have a jury selected from the county where the crime was committed.

If a court rendering judgment has jurisdiction of the person and the subject matter, as well as the authority to make the challenged judgment, any such judgment is voidable rather than void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). There is no indication in the instant petition that the original trial court, *i.e.*, the Henderson County Circuit Court, did not have jurisdiction over both Hall and the subject matter. Moreover, Tenn. R. Crim. P. 21 gave the trial court authority to grant a change of venue upon motion of the defendant, as occurred in this case. Petitioner is not entitled to habeas corpus relief on this ground.

Hall's challenge to the Carroll County Chancery Court proceeding fails as well. The purpose of the writ of habeas corpus is to obtain immediate relief from illegal confinement, to liberate those who may be confined without sufficient cause and to deliver them from lawful custody. *State ex rel. Brown v. Newell*, 216 Tenn. 284, 391 S.W.2d 667 (1965). The order of the Carroll County Circuit Court terminating Hall's parental rights is wholly separate from the judgment of conviction for first degree murder for which he is presently confined. In essence, Hall seeks to use the writ of habeas corpus as a substitute for, or in lieu

4

of, an appeal from the Carroll County chancery Court proceeding. Such a result is impermissible. *See, e.g., State ex rel. Smith v. Bomar*, 212 Tenn. 149, 368 S.W.2d 748 (1963) (writ of habeas corpus may not be used as substitute for, or in lieu of, an appeal); *State ex rel. Carroll v. Henderson*, 443 S.W.2d 689 (Tenn. Crim. App. 1969) (same); *Richmond v. Barksdale*, 688 S.W.2d 86 (Tenn. Crim. App. 1984) (remedy for contempt order for failing to pay delinquent child support is by appeal).

*IV. Conclusion*

For the reasons set out above, the petition should be dismissed.

Respectfully submitted,

PAUL G. SUMMERS
Attorney General & Reporter

JENNIFER L. SMITH
Senior Counsel
Criminal Justice Division
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-3487
B.P.R. No. 16514

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been forwarded by first-class mail, postage prepaid, to Jon Douglas Hall, No. 238941, Riverbend Maximum Security Institution, 7475 Cockrill Bend Industrial Road, Nashville, Tennessee 37209-1048, on this the 6th day of November, 2003.

_____
JENNIFER L. SMITH
Senior Counsel

## NOTICE OF HEARING (ORAL ARGUMENT WAIVED)

Since the petitioner in this matter is currently incarcerated in the Tennessee Department of Correction, I request that this matter be submitted for consideration by the Court without oral argument on the court's motion docket on **Friday, November 21, 2003, at 9:00 a.m.**

_____
JENNIFER L. SMITH
Senior Counsel

6