# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JON HALL #238941, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:19-cv-00628 |
| ) | JUDGE TRAUGER |
| DONALD TRUMP, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Jon Hall, an inmate on death row in the Riverbend Maximum Security Institution, filed a *pro se* civil rights action under 42 U.S.C. § 1983 (Doc. No. 1), which has been transferred to the undersigned for initial review as a case related to *Hugueley v. Parker*, No. 3:19-cv-00598. Because the plaintiff is a *pro se* inmate who has been permitted to proceed *in forma pauperis*, the Prison Litigation Reform Act (PLRA) requires the court to conduct an initial review of his complaint and determine whether it or any part of it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the

Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff's primary complaint is that he has been held in solitary confinement within death row for more than five years without a legitimate penological reason or due process. He alleges that his prolonged confinement under current conditions is causing or exacerbating psychological and physical harm to him and that the defendants are being deliberately indifferent to that harm. He seeks declaratory and injunctive relief as well as unspecified money damages and attorney fees. He also asks that the court appoint counsel to represent him and file a supplemental or amended complaint.

An inmate states a claim for violation of the Eighth Amendment by alleging conditions of confinement that "involve the wanton and unnecessary infliction of pain" or "pain without any penological purpose," or conditions that "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prisoners may also state an Eighth Amendment claim by alleging that prison officials have been deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 843 (1994). And finally, an inmate's treatment gives rise to a constitutional right to due process under the Fourteenth Amendment when it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Taking the plaintiff's allegations as true for the purpose of this screening, the court finds that he has suggested serious and potentially viable claims for relief under all three standards. *See*, *e.g.*, *DuPonte v. Wall*,

288 F. Supp. 3d 504, 513 (D.R.I. 2018) (observing the known "profound impact that solitary confinement can have on an individual's mental and physical health" and concluding that inmate stated conditions-of-confinement, deliberate indifference, and due process claims in connection with his year-long segregation).

However, the plaintiff's allegations of relevant fact are often vague and fail to identify who is personally responsible for his continued solitary confinement or how his monthly reviews are, as he alleges, "meaningless." His allegations about his solitary confinement claim are also intermingled with extraneous information about alleged injustices that are not actionable under Section 1983, including the mistreatment of other inmates, the misuse of presidential war powers, a movie plot, the invalidity of the plaintiff's conviction and sentence, the termination of the plaintiff's parental rights, a "syndicate" of "illuminati Masons" running the prison, and a host of allegations involving individuals who are not named as defendants to this lawsuit. (*See, e.g., id.* at 11, 18, 25, 31, 34–38.) Accordingly, the court finds that the plaintiff's complaint fails to comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and process **SHALL NOT** issue on this complaint.

Because of the seriousness of the potentially viable claims identified above, however, and the court's expectation that developing the proof to support those claims is likely beyond the abilities of an inmate confined to isolation on death row, the court **GRANTS** the plaintiff's request for appointment of counsel. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (appointment in civil cases warranted by "exceptional circumstances" in consideration of the plaintiff's ability to represent himself and the complexity of the case). The Clerk of Court is **DIRECTED** to retain counsel for the plaintiff from the civil appointment panel, giving the first

option to attorney Paul Davidson in light of his on-going handling of the related case.

Appointed counsel **MUST**, within 30 days of appointment, file an amended complaint in this case, which is to completely supersede the plaintiff's original complaint and not incorporate or reference it in any way. In drafting the amended complaint, counsel should be mindful of the limitations imposed by Rules 18, 20, and 21 of the Federal Rules of Civil Procedure.

It is so **ORDERED**.

                                              ALETA A. TRAUGER
                                              UNITED STATES DISTRICT JUDGE