# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JON HALL #238941, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:19-cv-00628 |
| ) | JUDGE TRAUGER |
| TONY PARKER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The court previously determined that, although the plaintiff's original *pro se* complaint was deficient in many respects, he raised potentially colorable claims under the Eighth and Fourteenth Amendments that were sufficiently serious to warrant further development. (Doc. No. 7.) Accordingly, the court appointed counsel to represent the plaintiff in pursuing those claims (Doc. No. 8), and counsel has now filed an amended complaint on the plaintiff's behalf. Because the plaintiff is an inmate who has been permitted to proceed *in forma pauperis* and is suing about the conditions of his confinement, his amended civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 9), is before the court for initial review pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The plaintiff sues under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under

color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff, who is on death row in the Riverbend Maximum Security Institution in Nashville, alleges that he "has been held in solitary confinement with minimal environmental stimulation and virtually no opportunity for meaningful human contact for nearly six years, without rational justification, and without being afforded any meaningful process to address his confinement or rectify the serious mental and physical injuries and damage it has caused him." (Doc. No. 9 at 1–2.) He alleges that his prolonged confinement under current conditions is exacerbating his underlying psychological and cognitive problems and that the defendants have been deliberately indifferent to that harm, both by continuing the solitary confinement that contributes to his condition and by failing to provide treatment for it. (*Id.* at 2, 8–9.) He also alleges that the defendants have been deliberately indifferent to his serious need for medical treatment following a serious injury to his arm in August 2019. (*Id.* at 8.) The plaintiff sues Tennessee Department of Correction Commissioner Tony Parker, Riverbend Warden Tony Mays, and Unit Manager Michael Keys, all in their official capacities. (*Id.* at 1.) He seeks declaratory and injunctive relief, costs and attorney fees, and other unspecified appropriate relief.

An inmate states a claim for violation of the Eighth Amendment by alleging conditions of confinement that "involve the wanton and unnecessary infliction of pain" or "pain without any penological purpose," or conditions that "deprive inmates of the minimal civilized measure of

life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prisoners may also state an Eighth Amendment claim by alleging that prison officials have been deliberately indifferent to an inmate's serious medical needs or other substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 843 (1994). And finally, an inmate's treatment gives rise to a constitutional right to due process under the Fourteenth Amendment when it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Taking the plaintiff's allegations as true for the purpose of this screening, the court finds that he has stated plausible claims for relief under all three standards. *See*, *e.g.*, *DuPonte v. Wall*, 288 F. Supp. 3d 504, 513 (D.R.I. 2018) (observing the known "profound impact that solitary confinement can have on an individual's mental and physical health" and concluding that inmate stated conditions-of-confinement, deliberate indifference, and due process claims in connection with his year-long segregation).

The court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915A, nor does it preclude any defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE