UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JON HALL #238941 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAPITAL CASE |
| v. | ) | |
| | ) | |
| TONY PARKER, | ) | |
| Tennessee's Commissioner of Correction, | ) | |
| in his official capacity, | ) | |
| | ) | |
| TONY MAYS, | ) | No. 3:19-cv-00628 |
| Warden, Riverbend Maximum Security | ) | JUDGE TRAUGER |
| Institution, in his official capacity, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| MICHAEL KEYS, | ) | |
| Unit Manager, Death Row, | ) | |
| in his official capacity, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MEMORANDUM IN SUPPORT OF MOTION FOR THE APPOINTMENT OF A GUARDIAN AD LITEM**
_____

Counsel for Plaintiff Jon Hall ("Mr. Hall") submit this Memorandum In Support of the Motion for the Appointment of a Guardian Ad Litem pursuant to Rule 17 of the Federal Rules of Civil Procedure. Mr. Hall's counsel request that this Court appoint Mr. Bradley A. MacLean as an independent guardian ad litem solely for the purposes of mediation and settlement in the above-captioned matter.

Rule 17 of the Federal Rules of Civil Procedure governs the appointment of a guardian ad litem. Rule 17 provides, in pertinent part:

> [a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

The purpose of such appointment is "to protect the interests of the minor or incompetent person with full responsibility to assist the court to secure a just, speedy and inexpensive determination of the action." *J.H. v. Williamson Cty.*, No. 3-14-2356, 2016 WL 7230506, at *2 (M.D. Tenn. Dec. 14, 2016) (citing *Noe v. True*, 507 F.2d 9, 11-12 (6th Cir. 1974)). A district court has "substantial discretion" in determining whether to appoint a guardian ad litem. *Mate v. Fields*, No. 16-2730, 2017 WL 6398028, at *2 (6th Cir. June 20, 2017) (quoting *Gardner by Gardner v. Parson*, 874 F.2d 131, 139, 140 (3d Cir. 1989)). District courts may appoint a guardian ad litem for the purposes of representation during settlement, even if the party is already represented by counsel. *See J.H. v. Williamson Cty.*, 2016 WL 7230506, at *2 ("The duties of a lawyer for a party and the duties of a guardian ad litem are different.") (citations omitted).

On April 9, 2021, this Court ordered the parties to engage in mediation. The parties have engaged in multiple discussions since that time and anticipate engaging in formal mediation next month. In light of the importance and complexity of the issues involved in this matter, recent conversations between Mr. Hall and counsel,[1] and a recent psychiatric evaluation of Mr. Hall,[2] Mr. Hall's counsel submit that the appointment of a guardian ad litem is necessary to protect Mr. Hall's interests during remaining mediation and settlement discussions. Prior to the filing of this Motion,

---

[1] Mr. Hall's counsel feel compelled to share certain information with the Court pursuant to Tennessee Rule of Professional Conduct 1.14. Rule 1.14 permits a lawyer to reveal limited information about a client when he reasonably believes that it is "reasonably necessary [to take] protective action…and, in appropriate cases, see[k] the appointment of a guardian ad litem."

[2] In support of this Motion, a true and correct copy of a February 10, 2021 Psychiatric Evaluation of Jonathan Hall by Dr. Stuart Grassian is filed under seal as **Exhibit A**. Dr. Grassian's recent efforts to interview Mr. Hall are summarized in pg. 28-30 of Exhibit A.

Mr. Hall's counsel conferred with Defendants' counsel regarding the potential appointment. Defendants' counsel have indicated that they do not oppose the Motion so long as the appointment of a guardian ad litem is for the limited purpose of representing Mr. Hall's interests during mediation and settlement negotiations in the above-captioned matter.

Mr. Hall's counsel further request that Mr. Bradley A. MacLean ("Mr. MacLean") be appointed as guardian ad litem in this matter. Mr. MacLean's duties would include meeting with Mr. Hall, participating in mediation, consulting with Mr. Hall about terms of settlement, and approving any terms of settlement on behalf of Mr. Hall. Mr. Hall's counsel have discussed this matter with Mr. MacLean, and he has indicated that he is willing to serve in this role.

WHEREFORE, for the reasons stated herein, Mr. Hall's counsel respectfully request that the Motion be granted and that this Honorable Court appoint Mr. MacLean as independent guardian ad litem to represent Mr. Hall for the purposes of mediation and settlement in the above-captioned matter.

Respectfully submitted,

*/s/ William L. Harbison*
William L. Harbison (#7012)
Eric G. Osborne (#29719)
Alice E. Haston (#38708)
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
Phone: (615) 742-4200
Fax: (615) 742-4539

*Attorneys for Plaintiff Jon Hall*

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically on this 23rd day of July, 2021. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties below indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

    Thomas J. Aumann
    Eric A. Fuller
    Office of the Tennessee Attorney General
    Civil Law Division
    UBS Building, 20th Floor
    315 Deaderick Street
    Nashville, Tennessee 37243

    *Counsel for Defendants*

                                                                */s/ William L. Harbison*