IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JON HALL, #238941, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:19-cv-00628 |
| | ) Judge Trauger |
| TONY PARKER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

On April 11, 2022, this case was dismissed with prejudice when all claims asserted by the plaintiff, Tennessee death-row inmate Jon Hall, were compromised and settled. (Doc. No. 124, Order granting parties' "Joint Motion to Dismiss and Retain Jurisdiction" over settlement agreement). Thereafter, the plaintiff—who had been represented by appointed counsel and (for the limited purpose of mediation and settlement) a guardian ad litem—filed a series of pro se motions which the court denied in two orders. (*See* Doc. Nos. 135 (entered Dec. 14, 2022) and 140 (entered Jan. 10, 2023).) The plaintiff then filed a Rule 59(e) motion (Doc. No. 141) to alter or amend Docket Number 135 (the first order denying his previous pro se motions), which the court also denied. (Doc. No. 142.)

On February 10, 2023, the plaintiff filed a Notice of Appeal. (Doc. No. 144.) On February 13, 2023, the Sixth Circuit Clerk issued a letter advising the plaintiff that his appeal had been docketed and requiring him to either pay the $505 appellate filing fee or file a motion to proceed in forma pauperis (IFP) on appeal in the district court by March 15, 2023. (Doc. No. 145.) The plaintiff timely filed a motion to proceed IFP on appeal (Doc. No. 146), which is now before the court for ruling.

The plaintiff asserts that he is unable to prepay the appellate filing fee and should be allowed to proceed IFP on appeal because he was previously allowed to do so in this court, and because the $3,000 paid to him as settlement proceeds will not be sufficient due to his tax liability on the $225,000 in attorneys' fees paid as part of the settlement and attributed to him as income. (*Id.* at 1.) His financial affidavit shows that his most recent inmate trust account balance was $1,343.30. (*Id.* at 26.) It also attaches his copy of an Internal Revenue Service Form 1099-MISC reflecting the report of "other" 2022 income in the amount of $228,000. (*Id.* at 36.)

Although the plaintiff was previously granted pauper status in this court, and pauper status automatically carries over on appeal in many cases under Federal Rule of Appellate Procedure 24(a)(3), "[a] new determination is necessary" in prisoner appeals under the Prison Litigation Reform Act. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007) (finding that a "prisoner granted pauper status before the district court is no longer automatically entitled to pauper status on appeal"); *Adams v. Fochee*, No. 12-CV-01076-PAB-CBS, 2014 WL 2011768, at *3 (D. Colo. May 16, 2014) (finding that PLRA prevents automatic carryover of pauper status on appeal under Fed. R. App. P. 24(a)(3)) (citing *Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1152 (10th Cir. 2009)). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court with a supporting affidavit that shows, *inter alia*, "the party's inability to pay or to give security for fees and costs[.]" Fed. R. App. P. 24(a)(1).

The plaintiff's motion to proceed IFP on appeal does not establish his inability to prepay the $505 appellate filing fee, as it reveals an inmate trust account balance in excess of $1,300. The plaintiff's concern about income tax liability on the award of attorneys' fees is misplaced; such fees awarded in settlement of civil rights actions under 42 U.S.C. § 1983 are deducted from taxable

2

income. *See* 26 U.S.C. §§ 62(a)(20), (e)(13), (e)(18). The court finds that the plaintiff has sufficient available resources to prepay the appellate filing fee. Accordingly, his motion to proceed IFP on appeal (Doc. No. 146) is **DENIED**.

Within **30 DAYS** after service of this order, the plaintiff must do one of two things: he must either (1) pay the full $505 appellate filing fee into this court, <u>or</u> (2) renew *in the Sixth Circuit* his application to proceed IFP on appeal, pursuant to Federal Rule of Appellate Procedure 24(a)(5). (*See* Doc. No. 145 ("If you move for pauper status and the district court subsequently denies that motion, you may renew the motion, along with a financial affidavit and six-month prison trust account statement, in [the Sixth Circuit] within 30 days of that ruling.").) Failure to do one of these two things within the time allotted may result in summary dismissal of the appeal.

For the plaintiff's use in completing any renewed application under Rule 24(a)(5), which "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action," the Clerk's Office is **DIRECTED** to include a copy of his affidavit (Doc. No. 146 at 20–26) with its mailing of the plaintiff's service copy of this order.

Finally, the plaintiff's "Motion to Strike Insufficient Defense" (Doc. No. 143) is, in substance, a response in opposition to Defendants' Motion for Leave to File Document Under Seal (Doc. No. 137). Because the court granted Defendants' Motion and allowed filing under seal on January 10, 2023 (*see* Doc. No. 139), the plaintiff's subsequent Motion in opposition (Doc. No. 143) is **DENIED** as moot.

The Clerk shall forward a copy of this Order to the Clerk for the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(4).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge