<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 23-5119

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 18, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| JON HALL, ) | |
| ) | |
| Plaintiff-Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| DONALD J. TRUMP, ) | |
| ) | |
| Defendant, ) | ON APPEAL FROM THE UNITED |
| ) | STATES DISTRICT COURT FOR |
| and ) | THE MIDDLE DISTRICT OF |
| ) | TENNESSEE |
| TONY PARKER, Tennessee's Commissioner of ) | |
| Correction, in his official capacity; WARDEN ) | |
| TONY MAYS, Riverbend Maximum Security ) | |
| Institution, in his official capacity; UNIT ) | |
| MANAGER MICHAEL KEYS, Death Row, in his ) | |
| official capacity, ) | |
| ) | |
| Defendants-Appellees. ) | |

<u>O R D E R</u>

Before: LARSEN, NALBANDIAN, and READLER, Circuit Judges.

Jon Hall, a Tennessee prisoner proceeding pro se, appeals the order denying his motion for default judgment brought under Federal Rule of Civil Procedure 55. He also moves for a protection order. This case has been referred to a panel that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the reasons below, we affirm the district court's order and deny his motion.

Hall is a death row inmate housed at the Riverbend Maximum Security Institution. In 2019, he filed a lawsuit under 42 U.S.C. § 1983 claiming that his conditions of confinement violated his rights under the Eighth and Fourteenth Amendments. The district court appointed him counsel and Hall amended his complaint to allege that prison officials deprived him of medical treatment, due process, and equal protection and left him perpetually in solitary confinement. The district court subsequently appointed Hall a guardian ad litem because he suffered from psychiatric issues. The parties entered into a settlement agreement, wherein the defendants agreed to enact several policy changes and changes to the conditions of confinement for death row inmates—including installing mesh cages over the entrances of several pods—so that prisoners could participate in group programs and socialization. The settlement also provided for individualized treatment for Hall and a payment into his inmate account. The parties filed a joint motion to dismiss and for the court to retain jurisdiction solely for the purpose of hearing and deciding any claim that there has been a breach of the settlement agreement. The district court granted that joint motion.

Hall then moved pro se to dismiss his attorney and guardian ad litem, withdraw the settlement agreement, and void the policy changes established by the settlement. Approximately one month later, he moved pro se for default judgment, reiterating some of his arguments to void the settlement and dismiss his attorney and guardian ad litem and adding that his conviction was void and that the defendants did not comply with the settlement's direction to construct mesh cages and provide for increased socialization.

In December 2022, the district court denied Hall's first three motions and part of his motion for default, holding that there was good cause to appoint a guardian ad litem, that he and his counsel secured a favorable settlement, and that he could not raise issues about his underlying conviction in his civil case. This left only the portion of Hall's default judgment motion alleging noncompliance with the settlement agreement. The defendants provided evidence of compliance in response, and thus the district court denied the remainder of Hall's default judgment motion in January 2023.

Hall appeals the January order and presents arguments about the validity of the settlement agreement, his conviction, and the representation by his attorneys and guardian ad litem.

We start with jurisdiction. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). A litigant must designate the order he wishes to appeal in his notice of appeal, *see* Fed. R. App. P. 3(c)(1)(B), and our jurisdiction is limited to reviewing the designated order, *see Burley v. Gagacki*, 834 F.3d 606, 620 (6th Cir. 2016). Here, Hall designated the district court's January order for appeal. Context reinforces this conclusion. Hall separately moved for reconsideration of the December order under Federal Rule of Civil Procedure 59(e). But he did not appeal the denial of that motion, which came nearly a month before Hall's notice of appeal. Instead, he singled out the January order for appeal by docket number, date, and PageID, so that is the order we have jurisdiction to review. *See* Fed. R. Civ. P. 3(c)(1)(B).

Yet Hall forfeited review of the January order because he does not meaningfully challenge it on appeal. *See Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522-23 (6th Cir. 2019). He does not address the district court's holding in the January order. Instead, he contests the appointment of his guardian ad litem, his attorneys' conduct and interests in his case, the authority of the Tennessee Department of Corrections to change its policies, and the state's jurisdiction over him in his criminal proceedings. The district court addressed none of these issues in the January order from which Hall appeals.

Hall also moves for a protective order against the defendants, contending that they were aware of a prison staff member retaliating against prisoners for including him as a defendant in their lawsuits. Because his accusations are unrelated to this appeal, we deny the motion.

For these reasons, we **AFFIRM** the district court's order and **DENY** the motion for a protective order.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 01/18/2024.

**Case Name:** Jon Hall v. Donald Trump, et al
**Case Number:** 23-5119

**Docket Text:**
ORDER filed we AFFIRM the district court's order and DENY the motion for a protective order [7045379-2]. Decision not for publication, pursuant to FRAP 34(a)(2)(C),. Mandate to issue. Joan L. Larsen, Circuit Judge; John B. Nalbandian, Circuit Judge and Chad A. Readler, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Jon Hall
Riverbend Maximum Security Institution
7475 Cockrill Bend Boulevard
Nashville, TN 37243-0471

**A copy of this notice will be issued to:**

Mr. John Ross Glover
Ms. Lynda M. Hill