IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

RECEIVED
NOV 13 2024
U.S. District Court
Middle District of TN

Jon Hall )
)
　Plaintiff, )
)
V. ) CASE NO. 03:19-cv-0628
) Judge Trauger
Donald Trump et. al., ) Jury Trial Demand
)
　Defendant's. )

## MOTION TO DISQUALIFY GUARDIAN AD LITEM; MOTION SEEKING FINDINGS OF CONTEMPT; AND MOTION FOR MODIFICATION OF CONSENT DECREE

　　The plaintiff seeks permission to seek an interlocutory decision to modify the injunction and consent decree in order to eliminate the guardian ad litem and appoint a special master to supervise and moniter settlement agreement compliance (Document # 123-1, Ex. A) under the laws of Tennessee, and Title 28 U.S.C. § 1292(a)(1). Thompson v. Enomoto, 815 F.2d 1323, 1326-27 (9th Cir. 1987); Stone, 968 F.2d at 859 (Defining modification as "chang[ing] the underlying legal relationship of the parties"). Because, the defendants willfully breached the agreement. See: (Document 159, PageID 1927, Exhibit D; psychiatry session progress record dated 6/16/24, received Sept. 20, 2024), and filed under seal since the Temple of Justice was defiled and the order failed to resolve all issues that existed under the settlement agreemement. See: e.g. (Document 160, PageID # 1928-29; Agreed Order); cf (Document 133-1, PageID 133-1 § 6; Nov. 22, 2022 sworn declaration of Dennis Davis, RE: Individualized mental health treatment two times a week).

### A. GROUNDS FOR MODIFICATION

　　1. The record demonstrates that Hall's own timely motions to withdraw the said settlement agreement for breach of contract, show TDOC failed to perform, and went ignored despite specified requests for relief. See: Doc. No. # 126, PageID # 1414, § 37 (Psychological needs). Mr. Hall's guardian ad litem failed to monitor this same said settlement agreement commensurate with the good faith duty under T.C.A. § 47-1-203. The terms of consideration regarding mental health care were ignored by the defendants, and the courts belief Mr. Hall had a formal thought disorder about the mesh cages not being completed, precluded the Court from hearing the truth (Doc. No. 141, PageID 1552).

　　2. The misrepresentation of these facts presented in this court by the defendants agent, former Unit 2 mansager, Mr. Dennis Davis and Warden Ernest Lewis (Doc. 133-1, PageID # 1491, n. 2 through 1494-95, and Doc. # 136-1, PageID # 1537-38); required Mr. Hall to pay $ 505.00 dollars in costs, as shown by Doc. 148 (because the court had a formal thought disorder caused by being duped

1

by TDOC's falsely sworn declarations of Dennis Davis & Warden Lewis). See: Doc. No. 133, @ § C, PageID # 1491, defendant's are in compliance with the terms of the settlement agreement). John Glover, Counsel for the defendants, duped the court into believing that they fully answered and complied with performing and answering all the plaintiff's claims raised for terminating the agreement.

3. When the plaintiff tried to raise questionable doubts about the defendants lies about their compliance under the Civil Rule 11.02 misrepresentations about TDOC's answers [at Document 134, PageID # 1506, § 6-8 (Mental health), PageID 1507 § 8-11, (Mental and physical health) PageID 1509 § 25-27 (TDOC Policy 503.03 fraud), and PageID 1511 § 33-34 (Program cages)]; the court limited the scope of the claims in her order, despite having five (5) prisoners sworn affidavit(s). The filed affidavits claimed that TDOC officials were misrepresenting the facts regarding the terms of the settlement agreement. See: Document 134, PageID # 1513-1527; (5) prisoner affidavits under penalty of perjury. Now, the record shows that the court erred in Document # 140, PageID # 1547 1/10/23 Order by denying relief, finding defendant's answers sufficient to find that TDOC defendant's were in compliance with all the terms of the settlement agreement. (Document 159, PageID 1927, Exhibit D).

4. Here, counsel must have been duped by the defendant's actions or is willfully blind to the truth, due to serving more than one master. As a practical matter, trial counsel cannot procedurally waive or sandbag his own inadequacy (nondisclusure). Wainwright v. Sykes, 97 S.Ct. 2497, 2523 (1997). Making Document number 162 order a futile remedy, and thus creating a new risk of harm.

5. By restraining Hall's ability to control the content of evidence presented in this case limited counsel's duty to serve just one master, that can foreseeably cause further injury. When counsel's inaction or nonfeasance appears to show a deliberate indifference to the risk of retaliation and the harm caused in this situation, this conduct can be distinguished from failing to intervene into the best interest affairs of the client, that would not make the situation any worse. Making precautionary measures beyond the good faith duty of a retired lawyer and guardian ad litem, a necessity like a special master after a showing of retaliation would be the prudent course of action in this matter. cf. Henry Hodge v. Strada et. al., 3:23-cv-00952 (M.D. Tenn.) (Document 1, PageID 71-72; affect of TDOC's retaliation ).

6. Court appointed counsel let the defendant's attorneys file numerous pleadings inconsistent with the fair administration of justice regarding two different TDOC Policies 503.03 (effective date March 15, 2018), in two different death row cases addressing the same conditions of confinement that changes the amount of time death row prisoner's are allowed out-of-cell during recreation, and/or in punitive segregation, in violation of Tn. S.Ct. Rule 8, EC 8-5. (Doc. No. 161, page 2, SOF # 9; Exhibit 9, referencing Doc. No. 126, at PageID # 1407 & 1417).

7. The essence of a conspiracy is an agreement to accomplish a criminal or unlawful act. State v. Pike, 978 S.W.2d 904, 915 (Tn. 1998). The record here shows that the numerous counsel and guardian ad litem appointed for the plaintiff financially benefited by nearly a quarter of a million

2

dollars ($ 250,000.00). While the plaintiff who suffered unconstitutional conditions of confinement for years received just ($ 3000.00) dollars, in excess of PLRA's 25% limits under 42 USCA § 1997 (d)(2).

8. There is a significant risk in a lawyers ability to consider, recommend or carry out an appropriate course of action for the client and will be materially limited as a result of the lawyers other responsibilities or intent. Critical questions are raised in the likelihood that the difference in interest will eventuate and if it does, will it materially interfere with the lawyers judgment in considering alternatives or forecloses a course of action that reasonably should be pursued. cf. Torrey v. Frazier, 303 S.W.3d 674 (Tn. 2010); and Petition of Youngblood, 895 S.W.2d 322 (Tn. 1995).

9. The Court's order silences Hall and informs him he must rely upon counsel, thus creating a financial incentive not to pursue reasonable action, that could potentially benefit the plaintiff.

10. The judge could not have correctly applied an objective standard regarding Document number 162 (whether a prudent person in the judge's position, knowing all the suppressed facts that should be known to the judge, would find a reasonable basis for questioning the judge's impartiality). The courts failure to seek facts about the willful breach of contract by TDOC, is tantamount to the application of an incorrect legal standard, resulting in a decision against logic and reasoning, causing irreparable harm. Alley v. State, 882 S.W.2d 810, 820 (Tn. 1994). Why wasn't the retaliation facts presented or shown? See: e.g. Document # 161, supporting document: Grievances # 24-0239/00367429; and # 24-0323/00368708. Steven v. Mchan, 3 F.3d 1204, 1207 (1993) (Damages).

## B. CIVIL CONTEMPT

We review for abuse of discretion the court's civil contempt order, including the decisions to impose sanctions. Reebok Int'l v. McLaughlin, 49 F.3d 1387, 1390 (1995), cert. denied. the district court "has wide latitude in determining whether there has been contemptuous defiance of its order." Gifford v. Heckler, 741 F.2d 263, 266 (9th Cir. 1984). See: e.g. Document # 161, supporting document: Grievances # 24-0239/00/00367429, "actual notice 08/11/24" marked at Page [16] ("I want TDOC confirmation of contacting my guardian ad litem, as per settlement agreement Doc. 123-1 Hall v. Trump, 3:19-cv-00628 w/in 5 days.") **Supra fact § 3. Exhibit D shifted the burden of persuasion.**

## C. REQUEST TO DISQUALIFY GUARDIAN AD LITEM FROM MAKING HALL'S DECISIONS

11. Plaintiff, Jon Hall by and through himself moves this Honorable Court to disqualify Brad Maclean from making decisions because of an inherent conflict of interest, due to defendant's retalitive actions affecting conditions of confinement only Mr. Hall was forced to suffer 66 days of unjustified restricted confinement. Kelly v. Brewer, 378 F.Supp. 447, 451 n. 12 (1974) (Solitary confinement).

12. SRVH Attorney's must serve two masters and act as a double agent for the court and their client, and is materially limited as a result of the guardians multiple responsibilities or personal interests. Bible, 812 S.W.2d 284, 291 (Tn. 1991). The guardian's agreement provides no real compensation.

3

13. Brad Maclean does not consider just Jon's best interests before making decisions. He has other clients similarly classsified prisoners on Tennessee's death row (that seek his protection e.g. William Hall # 165462). Decision-making of other interests limits Jon's right to govern his conduct.

14. Thus, Brad Maclean decision-making unduly limits Jon's voice and right to govern and direct the movements of his own personal claims. Fain v. O'connel, 909 S.W.2d 790, 792 (Tn. 1995) (Vicarious liability / imputed negligence = in a joint enterprise a client must have a voice and a right and authority to govern common purpose). Here, the record shows Mr. Hall's voice and authority to govern has been unlawfully usurped, without a meaningful discussion of Hall's functional or decision making capacity over his own best interest analysis, or how his illness or condition affect his capacity, in accordance to T.C.A. § 34-1-101(14), T.C.A. § 34-3-103, TRAP Rule 36. Hall v. Humphrey, 673 S.W.3d 613, 626-27 (Tn. 2023)

15. In short, when the likelihood of differing interests arise and materially interfere with a lawyers judgment in considering alternatives, or foreclose a course of conduct that should be reasonably be pursued, these outside influences jeopardizes Mr. Hall's rights to pursue his own interests. Petition of Youngblood, 895 S.W.2d 322 (Tn. 1995) (Tennessee Supreme Court Rule 8).

WHEREFORE, the plaintiff requests that this court to: (1) disqualify Brad Maclean, to control own destiny; (2) consider the request for a finding of contempt for violating Mr. Hall's rights (See also: e.g. Henry Jones v. Mays, No. 3:21-cv-0066, Doc. 77-2, & 77-3, pageID 1272-1327; Sworn affidavit of Jon Hall, with supporting documents regarding breach) and (3) and hold a hearing in Hall's presence to discuss modification of the agreement (Document 123-1 Exhibit A), or seek an interlocutory appeal. Because Mr. Hall is tired of being distressed and punished for pointing out the obvious, i.e. the executive branch abuse its powers with a series of fraud Brown, 42 S.W.3d 62, 73-74 (Tn. 2001)(larger conspiracy theory), to vindictively oppress (Quillen, 928 S.W.2d @ 51 (Tn. 1995); where TDOC lacks authority to impose cruel and illegal punishments. Harmelin v. Michigan, 501 U.S. 957, 973-76 (1991).

Respectfully submitted,

Jon Hall
Jon Hall # 238941
R.M.S.I. U-2-B-102
7475 Cockrill Bend Blvd.
Nashville, Tenn. 37209-1048

I _Jon Hall_, hereby swear under the penalty of perjury, that the forgoing information is true and correct and based upon personal knowledge of the facts stated herein. 28 U.S.C. § 1746.

### D. CERTIFICATE OF SERVICE

I _Jon Hall_, hereby certify I mailed a true & exact copy of the foregoing "Motion To Disqualify Guardian Ad Litem; Motion Sekking Findings of Contempt; and Motion For Modification of Consent Decree" to: (1) Office of the Clerk, U.S. District Court 719 Church Street, U.S. Courthouse, Nashville, Tn. 37203; and (2) Jonathan Skremetti, Atty Gen. 500 Dr. Martin Luther King Blvd., P.O. Box 20207, Nashville, Tennessee 37207, via prepaid U.S. mail on this the 4th day of November 2024.

4

RECEIVED
NOV 04 2024
RMSI MAILROOM
OUTGOING LEGAL

RECEIVED
NOV 13 2024
U.S. District Court
Middle District of TN

Jon Hall # 238941
RMSI U-2-B-102
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209-1048

Office of the Clerk
U.S. Federal Courthouse
719 Church Street, Suite 1300
Nashville, Tennessee 37203

LEGAL MAIL

The Dept of Corrections/RMSI
HAS NOT inspected nor
censored and is not
responsible for the contents