RECEIVED
DEC 09 2024
U.S. District Court
Middle District of

Hall v. Trump, 3:19-cv-00628 (Zoom Hearing)
Purpose: 12/10/24 STATUS CONFERENCE OUTLINE!

**PENDING CLAIMS:** 1 of 5 Pages

1) Document 160, PageID # 1928-29, filed **October 01, 2024; Agreed Order.** This matter came for a Status Conference on October 1, 2024. as a result of the conference, the parties agree as follows: The **disciplinary board hearing held on August 9, 2024,** did <u>not</u> comply with the requirements of the Settlement Agreement of March 25, 2022. As a result, Plaintiff shall be returned to program Level A immediately and will <u>not</u> be **further charged for the July 2024 infraction.** Beginning January 1, 2025, and every quarter thereafter, Tennessee Department of Correction <u>shall</u> provide **Plaintiff's progress notes for the treatment referenced in Paragraph 15** to Plaintiff's attorney and guardian ad litem. **This order resolves all claims that may have existed under the Settlement Agreement as of this date.**

2) Document No. 161, **Motion to Alter and Amend October 1, 2024 Order - Document 160.**

3) Document No. 162, Order, filed October 21, 2024, PageID # 1997. Which states:

The plaintiff has numerous counsel representing him in this case and a guardian ad litem appointed for him. Therefore, the court will <u>not</u> entertain prose filings by the plaintiff, and the Clerk is hereby ORDERED to term the Motion to Alter and Amend October 1, 2024 Order - Document 160. **(Doc. No. 161).**

4) Document No. 163, **Motion** to Disqualify Guardian Ad Litem; **Motion** Seeking Findings of Contempt; and **Motion** for Modification of Consent Decree.

5) Document 164, filed October 15, 2024, PageID 2003; Order. The plaintiff has filed pro se a **Motion** to Disqualify Guardian Ad Litem; **Motion** Seeking Findings of Contempt; and **Motion** for Modification of Consent Decree. (Document No. 163). It is hereby ORDERED that a status conference <u>will</u> be held in the case on December 10, 2024 at 3:30 p.m. Defense counsel shall arrange for the plaintiff to participate in the status conference by video from his facility.

The Clerk shall mail a copy of this order to the plaintiff at his facility.

The Guardian ad litem shall meet with the plaintiff before the status conference in an effort to resolve the issues he raises. It is so ORDERED.

That be far from thee to do after this manner, to slay the righteous with the wicked: and that the righteous should be as the wicked, that be far from thee: Shall not the judge of all the earth do right? Genesis 18:25. (The high privilege of learning about God's principles of dealing with those nations.) Now therefore, if you will obey my voice, and keep my covenant, then ye shall be a peculiar treasure unto me above all people for the earth is mine. Exodus 19:5. I have not spoken in secret, in a dark place of the earth: I said not unto the seed of Jacob, seek ye me in vain: I the Lord speak righteousness, I declare things that are right, Isaiah 45:19. He shall see of the travail of his soul, and shall be satisfied: by his knowledge shall my righteous servant justify many; for he shall bear their iniquities. Isaiah 53:11. Let the wicked forsake his way, and the unrighteous man his thoughts; and let him return unto the Lord, and he will have mercy upon him; and to our God, for he will abundantly pardon. Isaiah 55:7. That he who blesseth himself in the earth shall bless himself in the God of truth; and he that sweareth in the earth shall swear by the God of truth; because the former troubles are forgotten, and because they are hid from mine eyes. Isaiah 65: 16.

1

## A. GROUNDS FOR MODIFICATION

1) The record shows that Hall's own timely motions to withdraw the settlement agreement for breach of contract, show that **TDOC failed to perform the terms of the agreement** despite specified requests for relief. See: Doc. No. # 126, PageID # 1414, § 37 (Psychological needs).

2) Mr. Hall's guardian ad litem failed to monitor this same said settlement agreement commensurate with the good faith duty under T.C.A. § 47-1-203.

3) The court believed Mr. Hall had a formal thought disorder about the mesh cages not being completed, precluded the Court from hearing the truth (Doc. No. 141, PageID 1552), based on the **misrepresentation of material facts** presented to this court by former Unit 2 manager, Mr. Dennis Davis; and Warden Ernest Lewis (Doc. 133-1, PageID # 1491, n. 2 through 1494-95, and Doc. # 136-1, PageID # 1537-38); by defendants counsel **John Glover, duped the court** to believe TDOC fully answered and complied with performing and answering all the plaintiff's claims raised for terminating the agreement.

**This misconduct required Mr. Hall to pay $ 505.00 dollars in costs** as shown by Doc. 148 (caused TDOC's falsely sworn declarations of Dennis Davis & Warden Lewis). See: Doc. No. 133, @ § C, PageID # 1491, stating defendant's are in compliance with the terms of the settlement agreement).

5) The plaintiff raised questionable doubts about the defendants lies about their compliance under the **Civil Rule 11.02 misrepresentations** [at Document 134, PageID # 1506, § 6-8 (Mental health), **PageID 1507 § 8-11, (Mental and physical health)**; PageID 1509 § 25-27 **(TDOC Policy 503.03 fraud), and PageID 1511 § 33-34 (Program cages)]**;

6) The court limited the scope of the claims, disregarding five (5) prisoners affidavit(s). The affidavits said TDOC officials were misrepresenting facts about the terms of the settlement agreement. **See: Document 134, PageID # 1513-1527; (5) affidavits under penalty of perjury.**

7) **Now, the record shows that the court erred in Document # 140,** PageID # 1547 1/10/23 Order by denying relief, finding defendant's answers sufficient to find that TDOC defendant's were in compliance with all the terms of the settlement agreement. (Document 159, PageID 1927, Exhibit D).

8) Here, counsel must have been duped by the defendant's actions or is willfully blind to the truth, due to serving more than one master. Trial counsel cannot procedurally waive or sandbag his own inadequacy (nondisclosure). Wainwright v. Sykes, 97 S.Ct. 2497, 2523 (1997).

2

Making Document number 162 order a futile remedy, and creating a new risk of harm.

9) By **restraining Hall's ability to control the content of evidence** presented in this case limited representation can foreseeably cause further injury. When counsel's inaction or nonfeasance appears to show a **deliberate indifference to the risk of retaliation** and the harm caused in this situation. This conduct can be **distinguished from failing to intervene into the best interest affairs** of the client, that would not make the situation any worse.

Making precautionary measures beyond the good faith duty of a retired lawyer and guardian ad litem, **a necessity like a special master after a showing of retaliation** would be the prudent course of action in this matter. cf. Henry Hodge v. Strada et. al., 3:23-cv-00952 (M.D. Tenn.) (Document 1, PageID 71-72; affect of TDOC's retaliation ).

### B. FINDINGS OF CONTEMPT

10) Court appointed counsel let the defendant's attorneys file numerous pleadings inconsistent with the fair administration of justice regarding **two different TDOC Policies 503.03 (effective date March 15, 2018), in two different death row cases** addressing the same conditions of confinement that changes the amount of time death row prisoner's are allowed out-of-cell during recreation, and/or in punitive segregation, in violation of Tn. S.Ct. Rule 8, EC 8-5. (Doc. No. 161, page 2, SOF # 9; Exhibit 9, referencing Doc. No. 126, at PageID # 1407 & 1417).

11) A conspiracy is an agreement to accomplish a criminal or unlawful act. The record shows that counsel and guardian ad litem for the plaintiff benefited by a quarter of a million dollars ($ 250,000.00). While the plaintiff who suffered unconstitutional conditions of confinement for years received just ($ 3000.00) dollars, **in excess of PLRA's 25% limits under 42 USCA § 1997 (d)(2).**

12) There is a risk in a lawyers ability to consider, recommend or carry out an appropriate course of action for the client and will be materially limited as a result of the lawyers other responsibilities. Critical questions are raised that the difference in interest will eventuate and if it does, will it materially interfere with the lawyers judgment. **The Court's 11/15/24 order silences Hall** and informs him he must rely on counsel. **An incentive not to pursue action that benefits the plaintiff.**

13) No objective standard was applied regarding Document number 162 (whether knowing all the suppressed facts that should be known, would a reasonable judge find a basis for questioning his own impartiality). Failure to seek facts about the breach of contract by TDOC is tantamount to applying an incorrect legal standard against logic and reasoning causing irreparable harm. Alley v. State, 882 S.W.2d 810, 820 (Tn. 1994). **Why wasn't retaliation facts presented or shown?** See: Document # 161, supporting Grievances # 24-0239/00367429; and 24-0323/00368708.

## C. REQUEST TO DISQUALIFY GUARDIAN AD LITEM FROM MAKING HALL'S DECISIONS

14) Plaintiff, Jon Hall by and through himself moves this Honorable Court to disqualify Brad Maclean from making decisions because of an **inherent conflict of interest,** due to defendant's retalitive actions affecting conditions of confinement only **Mr. Hall was forced to suffer 66 days of unjustified restricted confinement.** Kelly v. Brewer, 378 F.Supp. 447, 451 n. 12 (1974) (Solitary confinement).

15) SRVH Attorney's must serve two masters and act as a double agent for the court and their client, and is materially limited as a result of the guardians multiple responsibilities or personal interests. Bible, 812 S.W.2d 284, 291 (Tn. 1991). The guardian's agreement provides no real compensation.

16) Brad Maclean does not consider just Jon's best interests before making decisions. He has other clients e.g. **William Hall # 165462,** on Tennessee's death row. limiting Jon's right to govern his conduct.

17) **Brad Maclean decision-making unduly limits Jon's voice and right to govern and direct the movements of his own personal claims.** Fain v. O'connel, 909 S.W.2d 790, 792 (Tn. 1995) (Vicarious liability / imputed negligence = in a joint enterprise a client must have a voice and a right and authority to govern common purpose). Here, the record shows Mr. Hall's voice and **authority to govern has been unlawfully usurped, without a meaningful discussion of Hall's functional or decision making capacity over his own best interest analysis, or how his illness or condition affect his capacity,** in accordance to T.C.A. § 34-1-101(14), T.C.A. § 34-3-103, TRAP Rule 36. Hall v. Humphrey, 673 S.W.3d 613, 626-27 (Tn. 2023)

18) In short, when the likelihood of differing interests arise and materially interfere with a lawyers judgment that foreclose a course of conduct that reasonably should be pursued, these outside influences jeopardizes Mr. Hall's rights to protect his own interests. Petition of Youngblood, 895 S.W.2d 322 (Tn. 1995) (Tennessee Supreme Court Rule 8).

19) WHEREFORE, the plaintiff requests that this court to: (a) disqualify Brad Maclean to control destiny (b) consider finding of contempt for violating Mr. Hall's rights (See Jones v. Mays, No. 3:21-cv-00666, Doc. 77-2, & 77-3, pageID 1272-1327; Sworn affidavit of Jon Hall, with supporting documents regarding breach): and (c) hold a hearing in Hall's presence to discuss modification of the agreement (Document 123-1 Exhibit A), or seek an interlocutory appeal. Mr. Hall is tired of being punished for pointing out the obvious, i.e. the executive branch abuse its powers by fraud. (larger conspiracy theory) to oppress; where TDOC lacks authority to impose cruel and illegal punishments.

4

## CONCLUSION

It is **undisputed** *that Plaintiff's confinement is cruel and unusual punishment*, and of great personal interest to Mr. Hall, in violation of T.C.A. § 20-4-203 Henderson Co. Change of Venue Affidavits, as demonstrated by Document 153 (Notice of Filing).. Gonzalez v. Abbott, 967 F.2d @ 1504 (1992) **(A void trial record cannot be a legal cause of imprisonment);** Porter v. Clarke, 923 F.3d @ 362 (2019) **(Prison conditions illegal without penological reason).** Harmelin v. Michigan, 501 U.S. 957, 973-76 (1991) (Scalia: illegal punishments violate U.S.C.A. 8). This fact presents future liability problems for the people that do not perform their duty for nonperformance, and consequential psychological torture.

Respectfully Submitted,

*/s/ Jon Douglas Hall*

Jon Douglas Hall # 238941
R.M.S.I. Unit 2, B-110
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209-1048

"I __*Jon Hall*__, **DECLARE UNDER THE PENALTY OF PERJURY,** that the foregoing information is true and correct, and based upon first hand knowledge." Carter v. Clark, 616 F.2d 228 (1980) **(28 U.S.C. § 1746;** declaration under penalty of perjury). "Further deponent says not."

EXECUTED ON: _2nd_ day of December 2024. **Signature:** __*Jon Douglas Hall*__.

## CERTIFICATE OF SERVICE

I __*Jon Hall*__, hereby certify I mailed a true & exact copy of the foregoing: (1) Pending Claims; (2) Factual Allegations: Hall's Greivance # 24-0148/00365819; and (3) Miami's lawsuit Disciplinary Records Index to: (1) Law Office of Sherrod, Roe, Voight, & Harbison, (SRVH) C/O Bill Harbison (2) Assistant Atty. Gen., John R. Glover, P.O.Box 20207 Nash., Tenn. 37202; and (3) Office of the Clerk, U.S. District Court-house, 719 Church Street, Suite 1300, Nashville, Tenn. 37203, via U.S. first class mail on this the _2nd_ day of December 2024.

5

Jon Hall # 238941
RMSI U-2-B-110
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209-1048

LEGAL MAIL

Office of the Clerk
U.S. Federal Courthouse
719 Church Street, Suite 1300
Nashville, Tennessee 37203

RECEIVED
DEC 09 2024
U.S. District Court
Middle District of TN

NASHVILLE TN 370
3 DEC 2024 PM 6 1

RMSI MAILROOM
OUTGOING LEGAL
DEC 01 2024
RECEIVED

37203-709525

3:50 PM 12/6/24

