RECEIVED
DEC 09 2024
U.S. District Court
Middle District of TN

## FACTUAL ALLEGATIONS: HALL'S GRIEVANCE # 24-0148/00365819

I am a witness to the event in question that occurred on the 27th day of April 2024. My name is: Jon Hall. My address was: Riverbend Maximum Security Institution (R.M.S.I.) Unit 2, A pod, Cell 208, 7475 Cockrill Bend Blvd. Nashville, Tennessee 37209. I am over the age of eighteen, of sound mind, and competent to make the relevant statements contained herein.

**THIS IS MY STATEMENT** about what happened, when I saw, overheard, or otherwise have personal knowledge about the following incident in question, FACTUAL ALLEGATIONS CONCERNING JON HALL'S Greivance # 24-0148/00365819. By stating this is a true and correct account of this event, based on my personal knowledge of: who, did what, where, to whom, when, how and why.

1. On April 27, 2024, Corporal Pamela Sweeney started her work day off at R.M.S.I. yelling in Unit 2, in A-pod at 6:30 - 6:40 A.M., informing the prisoners, that Warden Zachary Pounds was not on duty anymore and replaced by the Assistant Commissioner for the Department of Corrections, Mr. Clendenion. Then, Nick Johnson # 421296 asked Corporal Sweeney whether or not she was going to run the recreation program today? Corporal Sweeney griped administration did not send down enough officers to run it.

2. Nick Johnson asked her to call the Shift captain to get someone down here to run the rec-yard, due to an ongoing problem with Unit 2 staff not wanting to run the rec-yard as per policy. Corporal Sweeney got loud and told Nick Johnson, that she wasn't going to call the shift captain because they know how many people they sent her down to run the Unit. See: e.g **Exhibit [1]: Nick Johnson's May 4, 2024; Affidavit of complaint** located at Henry Jones v. Tony Mays et. al., 3:21-cv-00666, **Document 77-3, PageID # 1289.**

3. Nick Johnson requested that Corporal Sweeney call Captain Jones to tell them to send someone down (as per grievance # 24-0089/00364960), she was very confrontational. She was very loud and extremely agitated, and said quit arguing with me several times in a loud voice, and I'm not going to do it. See: e.g. **Exhibit [2]: Nick Johnson Rec Yard Grievance,** located at Jones v. Mays , 3:21-cv-00666, **Document 77-3, PageID # 1291-1300.**

4. On that same day (April 27, 2024) at approximately 10:30 A.M., Corporal Sweeney was performing her security checks, and when she got to my cell door at U-2, A-208, Mr. Hall asked Corporal Sweeney to let him out of his cell to go to the law library. See: e.g. **EXHIBIT 3, TDOC Memo from new Unit Manager, S.C. Burnette** (dated May 9th 2024; Subject: **Unit 2 Daily Schedule**). Located at Jones v. Mays , 3:21-cv-00666, **Document 77-3, PageID # 1301.**

5. During the 10:30 A.M. confrontation between Mr. Hall, and Corporal Sweeney, she got loud and confrontational with the Affiant, and asked him: why didn't he go to the law library at the 8:00 A.M. call out. This entire event should be recorded on RMSI U-2-Apod video surveillance equipment.

1

6. Mr. Hall told Corporal Sweeney he was not notified of any changes concerning the availability to go to the Law Library, and he wanted to go the Law Library during the 10:30 A.M. call-out. Corporal Sweeney invidiously discriminated against Mr. Hall by denying him the same rights as other similarly-situated inmates to go to the Law Library. See: e.g. **EXHIBIT 4, (May 4, 2024; Affidavit of Jonathan W. Stephenson # 140145).** Jonathan Stephenson's affidavit. Located at Jones v. Mays, 3:21-cv-00666, **Document 77-3, PageID # 1302.**

7. When Mr. Hall tried to explain his constitutional rights to Corporal Sweeney and informed her that she should not be promulgating and enforcing unwritten rules, during his encounters to make her cognitively aware of Unit 2 prisoner rights, things got loud and she said "you are done." Later she even refused to let Mr. Hall exercise his right to go to the rec-yard after the 12:00 O'clock noon count cleared. See: e.g. **EXHIBIT 5, (April 28, 2024; S/S Affidavit of Henry Lee Jones # 455040).** Located at Jones v. Mays, 3:21-cv-00666, **Document 77-3, PageID # 1303-04.**

8. At 1:15 P.M., a guard with a shirt tag US Beaver, (Tattooed behind ear like a prison number) came down and spoke to me at the cell door, and asked what happened? I explained to Lieutenant Beaver that Corporal Sweeney was not following TDOC policy, by not running the Unit 2 court ordered programs, as per the settlement agreement that Interim Commissioner, Lisa Helton, made between her and my court appointed Guardian Ad Litem, Mr. Bradley A. Maclean on 3/25/22, See: e.g. **EXHIBIT 6 (3/25/22; settlement agreement.)** Located in Hall v. Trump et. al., 3:19-cv-00628, **Document 123-1, PageID 1326-1349.**

9. Lieutenant Beaver started to leave the April 27, 2024 1:15 P.M. encounter at my cell door and then turned around informed me that I was being wrote-up for threatening an employee. When I asked Lieutenant Beaver: What was the threat, he could not tell me, and said that I will find out. Thus, I was maliciously retaliated against in the foregoing manner (without any objective probable cause) for reporting Corporal Sweeney's invidious discrimination regarding the assertion of my protected speech and equal protection of the law. NOTE: TDOC 502.01 VI., E. 3, pg. 6 (Staff entering report shall be trained).

10. On April 28, 2024, at 01:15 A.M. I was served a copy of the write-up (Incident # 1623196), that failed to show a claim upon which relief could be granted under TDOC Policy 502.01, (Uniform Disciplinary Procedures) VI., L. f, [1], at pages 18-19. See: e.g., **EXHIBIT 7 (04/27/24 Write-up; incident # 01623196),** claiming in pertinent part: "Inmate Hall became upset and started to threaten Corporal Sweeney ... by stating "You better have a good attorney because you cannot do this!" Inmate Hall is charged with threatening staff. Located at Jones v. Mays, 3:21-cv-00666, **Document 77-3, PageID # 1311.**

11. On April 29, 2024, at 12:44 A.M., Corporal Henry placed a copy of my retaliation grievance in the grievance box, that properly alleged that I was wrongfully charged with threatening an employee, because Corporal Sweeney arbitrarily and discriminatory retaliated against him by denying

2

him access to the law library at 10:30 A.M. call-out, to conceal the violation. COMPARE; Winston v. Coughlin, 789 F.Supp. 118, 120-21 (W.D.N.Y. 1992) (Holding that officers filed fabricated reports to conceal their Eighth Amendment violations, stated a claim).

12. On May 1, 2024, at approximately 2:40 P.M., I was wrongfully found guilty by Disciplinary Chairperson Raymond Moyer, in spite of having actual knowledge of the same law presented and facts shown to the warden in this matter, and imposed a (5) day punitive sentence on Mr. Hall in front of inmate Terry King # 103306, and assessed that five days (as time-served).

13. On May 6, 2024, acting warden, Jason Clendenion dismissed incident report # 01623196, based upon the facts and law I presented at the 5/1/24 hearing, and stated: "dismissed per acting warden Clendenion outburst from inmate deemed non-threatening but an expression of this inmate's rights." See: e.g. **EXHIBIT 8 (Warden Clendenion's dismissal of write-up - non-threatening / expression of inmate's rights).** Located at Jones v. Mays , 3:21-cv-00666, **Document 77-3, PageID # 1312.**

21. Following the encounter with Corporal Sweeney on April 27, 2024, starting at about 10:30 A.M., until meeting with the disciplinary board chairperson on May 1, 2024, at 2:18-2:43 P.M., for a formal disciplinary hearing held at his cell door at U-2-A-208. I was denied my sanity, for expressing protected rights, based upon TDOC's failure to perform basic tasks':

a. Substantive constitutionally protected procedural due process rights to be permitted to continue his/her normal duties pending the hearing, in violation of TDOC Uniform Disciplinary Procedures, Policy, 502.01 VI., F., 1, 2 (a)-(c) and 3, as shown on page 6 of 36.

b. The record shows that I was held in punitive segregation without being found guilty of a viable disciplinary rule violation, and denied $ 2.88 from his rock-man pay in June as compared to inmate Mr. Richard Odom # 215639, thus impacting both his ordinary substantive procedural constitutionally protected liberty, and property interests, caused by the wanton, deliberate indifference and outrage against a protected prisoner's expressed first amendment rights. See: e.g. EXHIBIT 10 (Hall's Rock-man pay for May-June 2024; to obtain the basic status, i.e. necessities of life); by denying him his sanity, and:

(i) normal communal worship service held on Sunday April 28, 2024;
(ii) his assigned Education for Christian ministry program on 4\30\24;
(iii) daily recreation privileges on 4/27/24-5/1/24 (Policy 503.03); and
(iv) access to the law library 4/27/24-5/1/24.

"I _Jon Hall_ , DECLARE UNDER THE PENALTY OF PERJURY, that the foregoing information is true and correct, and based upon firsthand knowledge." Carter v. Clark, 616 F.2d 228 (5th Cir. 1980). (28 U.S.C. § 1746; declaration under the penalty of perjury).

3

## MIAMI'S LAWSUIT DISCIPLINARY RECORDS / IMPORTANT DATES

**Grievance filed:** July 22, 2024 RE: , # 24-0148/00365819; **(Document No. 77-3, PageID 1278-1288)**
**Warden's appeal denied:** by Melissa Hood with signature dated 06/04/24;
**Commissioner's response:** concur with warden - dated 06/11/24;

**Nick Johnsons affidavit regarding grievance executed May 04, 2024;** RE: B & C level recreation privileges on week-ends, and **triggering Rebuttatl statemenent,** dated April 07, 24; retaliated by **Corporal Sweeney incident.** See; CR-3148 Response of Supervisor **Unit Mgr. Dennis Davis** 03/26/24. **Document 77-3, PageID # 1292** (Re: Supervisor is new to facility).

**Jon Hall's affidavit:** RE: Sweeney Threaten Employee **Doc. 77-2, PageID 1272-1275,** July 8, 2024.

## HALL'S DISCIPLINARY RECORDS / IMPORTANT DATES

**Grievance filed:** July 22, 2024 RE: Mailroom D'Juana H odges, # 24-0239/0036429;
**Warden's appeal denied:** by Kenneth Nelson with signature dated 09/03/24;
**Commissioner's response:** concur with warden - dated 10/03/24;

## [-] LEFT MARKED PAGES / EXHIBITS

[5] Exhibit [A] Mailroom Personal Property Storage Form dated July 19, 2024;
[6] Exhibit [B] Inmate Information Request form (CR-3118 form) dated July 22, 2024;
[11] Response of supervisor of Grieved Employee or Department (CR-3148) dated 7/31/24;
[12] Rebuttal Statement dated August 14, 2024;
[14] Rebuttal statement dated September 24, 2024;
[15] Disciplinary Report on July 31, 2024 cover page 1 of 5;
[16] Disciplinary Report, description of incident on July 29, 2024 page 2 of 5;
[17] Disciplinary Report - reporting officials signatures dated August 9, 2024, page 3 of 5;
[18] Disciplinary Report - Supporting attachment page 4 of 5 (Encounter with Tony Carruthers);
[19] Disciplinary Report - Supporting attachment page 5 of 5 (Encounter with Tony Carruthers);
[20] Time and date on incident report is wrong- Hall has real knowledge (page 2 of 2);
[21] Time and date on incident report is wrong- Hall has real knowledge (page 2 of 2);
[22] Prisoner's self-help litigation manual page 885, § B. Argument;
[23] Gibbs v. Mays, 3:23-cv-01047 Grievance regarding Lt. Stevens assault on Gibbs (Prior bad acts);

## MORE DISCIPLINARY RECORDS / IMPORTANT DATES

**Grievance filed:** August 30, 2024 RE: Sgt. Govan, # 24-0323/00368708;
**Warden's appeal denied:** by Kenneth Nelson with signature dated 10/16/24;
**Commissioner's response:** does not concur with warden - "Please ensure that John Hall receives his documentation to file his disciplinary appeal." dated 11/14/24;

## RIGHT MARKED PAGES / EXHIBITS [-]

Page [7] Response of supervisor of Grieved Employee or Department (CR-3148) dated 9/30/24;
Pages [8-14] **Motion For Emergency Stataus Conference**
Page [15] Exhibit A Disciplinary continuation (CR-1831); "In abstentia" **dated 8/10/24;**
Page [16] Waiver of Disciplinary Hearing and Due Process Rights **dated 8/20/24** (CR-3171);
Page [17] Exhibit B Dawn Jordan **E-mail to Eric Osborne** dated 08/27/2024;
Page [18] Exhibit C Incident report dated 07/31/24;
Page [19] Disciplinary disposition, by **Govan, Amber X 3 signatures** (no board members) date 8/21/24;
Page [20] Exhibit D: To be late filed **(Dr. Strirgin psych report);**
Page [23] Rebuttal statement dated October 3, 2024;
Page [24] Cover page 1 of 3, Disciplinary Report dated 08/09/24 - Incident dated 07/31/24;
**Page [25]** page 2 of 3, Disciplinary Report description **7/29/24** ( Hall's note / **service dated 8/11/24);**
Page [26] Page 3 of 3, Disciplinary Report - reporting officials dated August 9, 2024;
Page [32] Rebuttal statement dated October 25, 2024;
Page [33] **Agreed Order,** Document # 160, filed 10/01/24;
Page [34] **Disciplinary history** of Jon Hall, signed by S. Williamson CC3, **dated 10/24/24 "Fighting."**

Jon Hall # 238941
RMSI U-2-B-110
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209-1048

LEGAL MAIL

Office of the Clerk
U.S. Federal Courthouse
719 Church Street, Suite 1300
Nashville, Tennessee 37203

NASHVILLE TN 370
3 DEC 2024

RECEIVED
DEC 09 2024
U.S. District Court
Middle District of TN

37203-709525

RECEIVED
DEC 01 2024
RMSI MAILROOM
OUTGOING LEGAL



3:50 PM 12/6/24