UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

RECEIVED
DEC 10 2024
U.S. District Court
Middle District of TN

Jon Hall,

    Plaintiff,

V. ~Trump et al.,~

Related Case No. 3:19-cv-00628

PROPOSED CASE / Zoom Hearing 12/10/24

*To the Clerk*
*Purpose: opening statement.*
*Narrative Introduction.*
*Exhibit (to save time)*
*For Convenience - Read into Record?*

Frank Strada, in his official capacity as
Tennessee's Commissioner of Correction,
for failure to correct and supervise agents;

Kenneth Nelson, in his official capacity as
Warden of Riverbend Maximum Security Institution,
for failure to correct and supervise agents;

Michael Keys, in his official capacity as Warden of
Treatment, and his personal capacity for failure to correct
and supervise agents as a defendant in consent defree;

Pamela Sweeney, in her official capacity as a corporal,
and in her personal capacity for failure to follow
TDOC policy 502.01 and discriminately imposing
excessive force to lock prisoners down;

U.S. Beaver, in his official capacity as correctional,
administrative Lieutenant, and his personal capacity for
failure to correct and supervise his agent C/o Sweeney;

Amber Govan, in her official capacity as Disciplinary Board
Chairman, and in her personal capacity for failure to follow
TDOC Policy 502.01, and discriminately imposing
excessive force to lock prisoners down;

    Defendants.

## COMPLAINT

### I. INTRODUCTION

    Jon Hall is a human being. He is a person who lives with a mental defect or brain damage, and had a guardian ad litem appointed to him by Federal Court Judge Aleta A. Trauger, in <u>Hall v. Trump</u>, et. al., 3:19-cv-00628. Defendant's know this. Despite this knowledge, Defendants and their agents have engaged in a course of conduct which exacerbated his mental health ultimately resulting in him being placed in solitary confinement, in violation of the consent decree that the interim Commissioner of Corrections, Lisa Helton agreed <u>not</u> to do without first consulting with Mr. Hall's guardian ad litem, Mr. Brad Maclean, before taking any disciplinary action. This has occurred twice this year.

    Defendants locked Mr. Hall up in solitary confinement conditions for a total of 66 days, without adequate just cause and failed to comply with the terms of a consent decree entered by a Federal Court in Nashville, Tennessee, Judge Trauger, in contemptuous disobedience to a known consent decree.

As a result of defendant's intentional actions, Mr. Hall has incurred financial losses of income regarding his rock-man job (janitorial duties), and suffered extreme psychological distress regarding the need to engage in time-consuming administrative legal type proceedings to protect his legal interests and desire <u>not</u> to be punished more than once, as a Tennessee Department of Corrections prisoner for a single offense, in violation of the double jeopardy theory of multiple punishments for a single offense. State v. Winningham, 958 S.W.2d 740, 753 (Tn. 1997) (Subjected for the same offense to be twice put in jeopardy of life or limb).

After the consent decree was made, Mr. Hall correctly pointed out: "It's a misconstruction of the law to apply a disciplinary policy, and then a level policy, to impose administrative segregation as another punishment for a single offense, disregarding fundamental double jeopardy principles ...." See: Document 126, PageID 1415, § 41-49 (specifically 43) and Document 134, PageID # 1510, at § 28. Mr. Hall's original sentence was affirmed on a void Madison County Judgment where the alleged offense occurred in Henderson County, and the punishment was declared by the jury to be death, <u>not</u> a TDOC life sentence with multiple punishments by imprisonmnet, and then the jury's ultimate sentence of death. Ex Parte Lange, 85 U.S (18 wall.) @ 176 (1873) (Punishment); In re Medley, 134 U.S. 160, 171, 10 S.Ct. 384, 387 (1890) (operated to offender's disadvantage).

Here, the record shows that Mr. Hall was illegally punished by the disciplinary board for fighting, and sentenced to 30 days of lock down. Then, the record shows that Mr. Hall was prosecuted again for fighting by the Unit 2 level review board, and lost his level status for another 3o days additional punishment, until Brad Maclean had Judge Aleta Trauger make an Agreed Order, that nullified the Unit 2, level review boards recommendation for a level change, due to being charged with fighting. The triggerring adverse retaliatory action was based on a false allegation of threatening an officer issued by Corporal Pamela Sweeney, and put into motion by lieutenant U.S. Beaver for protected speech, to which other employees then retaliated and culminated into the discriminatory administrative action, dealing with the targeted incident of fighting. In short, Mr. Hall was placed in harm of life and or limb, in an apparent dangerous prison situation creating the necessity of requiring the act of self-defense to protect himself. Then he was treated harshly in an arbitrary and capricious manner, and placed in solitary confinement before TDOC employees contacted Mr. Hall's guardian ad litem as required by the previously entered consent decree. Persons psychiatrically vulnerable to the effects of isolation as Mr. Hall has already shown, and must be excluded from it. Madrid v. Gomez, 889 F.Supp. 1146, 1265 (Cal. 1995). CITED: Prisoner's self-help litigation manual page 170, n. 65.

Mr. Hall files this complaint seeking declaratory and equitable relief. Defendants actions have been deliberately indifferent to Mr. Hall's right to be treated humanely for his condition. Defendants' actions, and those of their agents acting under the color of law under their direction, violate Mr. Hall's rights under the Tennessee Constitution Article 1, §§ 2, 8, 16, 17, 32: Article VI, § 2 of the United States Constitution; the Eighth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983, and state and federal law as set forth below.

Jon Hall # 238941
RMSI U-2-B-110
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209-1048

LEGAL MAIL

Office of the Clerk
U.S. Federal Courthouse
719 Church Street, Suite 1300
Nashville, Tennessee 37203

RECEIVED
DEC 10 2024
U.S. District Court
Middle District of TN

NASHVILLE TN 370
5 DEC 2024 PM 3 L

37203-709525

