UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

Jon Hall,

    Plaintiff,

V.                                        CASE No. 3:19-cv-00628

Donald Trump, et.al.,

    Defendants.

## MOTION TO COMPEL BEST INTEREST ANALYSIS

    Comes now the plaintiff, Jon Hall, and moves this Honorable Court to determine the best interests of the plaintiff regarding these proceedings. Where the public record demonstrates the lack of *subject-matter jurisdiction* by the Madison County Judgment court, to imprison and execute Mr. Hall, from a Henderson County Indictment without the neccessary public records required to be shown on the face of the public record, to give this Court *standing to apply a rule of law* and provide a remedy that the court is prepared to grant. In support of this motion, the plaintiff will show forth the following:

    1. Regarding the issue of the subject-matter jurisdiction of the Madison County, Tennessee Court's Judgment form 96-589, housing Jon Hall in Nashville, Tennessee on death row; there appears to be considerable *disputed evidence on the face of the Madison County trial court record*, raising questions of serious doubt as to *the validity of those proceeding through the law of non-contradiction*. Providing this court with *standing to determine the subject-matter jurisdiction* of the original trial court of Madison County judgment. See: e.g. State v. Witherspoon Law Group, 700 S.W.3d 370, 384 (Tn.App. 2022) (We first address the issue concerning subject-matter jurisdiction. "Subject matter jurisdiction is a threshold inquiry, which may be raised at any time in any court.") See: Jon Hall's sworn affidavit concerning State Habeas Corpus, with references to the record (document 86 & 153).

    2. To establish standing a party must demonstrate: (1) a palpable injury, caused by the conduct, (2) the injury was caused by the challenged conduct, and (3) that the injury is apt to be redressed by an a remedy the court is prepared to give. Marta v. Metro Govt. Nashville, 842 S.W.2d 611, 615 (Tn.App. 1992). Here, the court has already provided a remedy concerning this matter; therefore the court has already acted upon the subject-matter in this case. In otherwords, the Warden must show from the face of the trial records, cause affidavits under T.C.A. 20-4-203, why the Madison County Court has subject-matter jurisdiction to obtain a judgment, over a Henderson County indictment, in accordance publicized written law under T.C.A. § 16-3-405 (not by off-point law in State v. Nichols, 877 S.W.2d 722, 728 (Tn. 1994). See: State v. Ritchie, 20 S.W.3d @ 631 (Tn. 2000) (absence of jurisdiction is cognizable). Otherwise, standing to sue on a void Madison County judgment would be illusory.

3. Thus, Guardian Brad Maclean has duty to this court to address the substantive best interests of the plaintiff on a facially void trial record in accordance to T.C.A. § 29-21-104, to determine whether the defendant's have lawful authority to implement the Madison County judgment 96-589, without the disputed record of show cause affidavits required by T.C.A. § 20-4-203, granting the Henderson County Court authority to change venues over the plaintiff's objection, and stare decisis law. State v. Upchurch, 620 S.W.2d 540 (Tn. 1980) (Venue change over defendant's objection, the judgment is void.) "The lack of affidavits is a fatal defect on the face of the record." See: Lawson, 24 S.W.2d 2 885 (Tn. 1930) (Tn.R.Evid. 104, and 901) Thus, the jurisdiction of the court does not meet the statutory requirements of T.C.A. § 39-11-201(e); and § 40-13-210, in violation of T.C.A. 26-6-104, and Title 28 U.S.C. § 1738, and U.S. Const. Article IV, § 1 (Full faith and credit); and "it cannot be argued that the plaintiff procedurally defaulted or waived the subject-matter jurisdiction of the court." City of Lavergne v. Silver City, 872 SW2d @ 691 (Tn.App. 1993). The courts call Hall "incompetent."

4. In short, the plaintiff contends that the trial record is void on its face for lack of subject matter jurisdiction without the change of venue cause afffidavits, made by three disinterested witnessess, claiming that owing to prejudice a fair trial could not be had in Henderson County, shown on the face of the trial record. T.C.A. 29-21-104. In construing complaints a Court may rely on pleadings and court's own records. Franklin, 745 F.2d @ 1228 (1984). Hall says: "the court records are incompetent."

WHEREFORE, the plaintiff moves this Honorable Court to compel guardian ad litem Brad Maclean to address this court's standing, as provided by Hall's affidavit. Before the Defendant's commit an act of murder, by executing the plaintiff, by placing him on death row and subjecting him to the rigors of TDOC Policy 503.03, without subject-matter jurisdiction, in which this court has already provided redress for. To determine if this court has been duped by the defendants in having standing to provide the redress necessary to provide the defendant's the necessary authority to punish the plaintiff, that has already been imposed by the defendants, as alleged and shown to have occurred in Hall v. Strada et. al., 3:25-cv-00005. Compare: e.g. Gonzalez 967 F2d @ 1504 (1992) (A void trial record cannot be legal cause of imprisonment.); Porter v. Clarke, 923 F3d @ 362 (2019) (Conditions illegal w/o penological reason).

Respectfully Submitted,

Jon Douglas Hall # 238941
R.M.S.I. Unit 2, B-110
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209-1048

"I Jon D. Hall, DECLARE UNDER THE PENALTY OF PERJURY, that the foregoing information is true and correct, and based upon first hand knowledge." Carter v. Clark, 616 F.2d 228 (1980) (28 U.S.C. § 1746; declaration under penalty of perjury). "Further deponent says not."

EXECUTED ON: 19th day of ~~October 2024~~ Feb. 2025. Signature: Jon Douglas Hall

## CERTIFICATE OF SERVICE

I *Jon Hall*, hereby certify I mailed a true & exact copy of the foregoing Motion to Compel Best Interest Analysis to: (1) Law Office of Sherrod, Roe, Voight, & Harbison, (SRVH) C/O Bill Harbison (2) Tennessee Atty. Gen., Johnathan Skrmetti, P.O.Box 20207 Nash., Tenn. 37202; and (3) Office of the Clerk, U.S. District Court-house, 719 Church Street, Suite 1300, Nashville, Tenn. 37203, via U.S. first class mail on this the 19th day of February 2025.



Jon Hall # 238941
RMSI U-2-B-110
7475 Cockrill Bend Blvd.
Nashville, Tennessee 37209-1048

LEGAL MAIL

Office of the Clerk
U.S. Federal Courthouse
719 Church Street, Suite 1300
Nashville, Tennessee 37203

Nashville P&DC 372
FRI 21 FEB 2025 AM

RECEIVED
FEB 25 2025
US DISTRICT COURT
MID DIST TENN

RECEIVED
FEB 20 2025
RMSI MAILROOM
OUTGOING LEGAL

Put in Deputy AJ Phillips' Mailbox @ 6:50 PM 2/18/25

The Deputy, (AJ Phillips), removed and is not responsible for the contents of Corrections/RMSI