RECEIVED
FEB 25 2025
US DISTRICT COURT
MID DIST TENN

STATE OF TENNESSEE)
            ) S/S **AFFIDAVIT OF JON HALL # 238941**
COUNTY OF DAVIDSON)

**To whom it may concern:** this is an **Affidavit of Complaint**

**1. I AM A WITNESS** to the events in question that constitute an ongoing violation of equal protection of law. I am over the age of eighteen, of sound mind, and competent to make the relevant statements contained in this declaration, admissible under *Federal Rules of Evidence, Rule 401*.
**MY NAME IS:**
_____Jon D. Hall_____

**2. MY ADDRESS IS:** *Riverbend Maximum Security Institution (R.M.S.I.) Unit 2, ___ B ___ pod, cell # __ 110 __, 7475 Cockrill Bend Blvd. Nashville, Tn. 37209.*

---

**3. THIS IS MY STATEMENT** about what happened, when I saw, overheard, or otherwise know about the following systematic failure by the Tennessee State Courts to determine the merits of Hall's subject-matter jurisdiction claim by stating: "this is a true and correct account of the events, based on my personal knowledge of: **who**, did **what**, **where**, to **whom**, **when**, **how** and **why**." This statement shows my firsthand knowledge of the facts. **MY INFORMATION IS AS STATED:**

    I am the plaintiff in Jon Hall v. Donald Trump et. al.; 3:19-cv-00628, in which I dispute this Court's standing to provide any relief in this case concerning TDOC Policy 503.03; because the subject-matter jurisdiction derived from Madison County judgment # 96-589; is based soley upon Tennessee Supreme Court *dictum* taken from State v. Hall, 8 S.W.3d 593, 595 (Tn. 1999) that said: "Pursuant to defendant's motion for a change of venue, the case was transferred from Henderson County for trial by jury." Thus, the record is deceptive and deserves no presumption of regularity.

    Jon Hall claims that: a void change of venue motion was filed (without T.C.A. § 20-4-203 statutory required affidavits), and without a hearing as required by T.C.A. 20-4-209, harmed the administration of justice, in violation of factors for consideration in the holding in Nichols, 877 S.W.2d 722, 728 (Tn. 1994) (a change of venue motion constitutes a waiver of venue); was erroneously applied by the court. To make matters worse, the misleading *dictum*, was used as a *conclusive presumption*, when there was **not** any affidavits filed or venue change motion hearing testimony to support the fact that: "Owing to prejudice, a fair trial could **not** be had in Henderson County, Tennessee." Thus, depriving Mr. Hall of his inalienable right to due process notice and right to be heard by a Henderson County jury trial, as guaranteed under Tennessee Constitution, Article 1, § 9. State v. Hill, 847 S.W.2d 545 (Tn. 1992) (Venue changed outside of the limited court's territorial boundries): Depriving the Madison County of subject-matter jurisdiction, under Tenn. Rules of Evid., Rule 104(b), 106 and 901(a), as well as Tenn. Rules of Crim. Proc., Rules 18, 21, 23, and 43. In otherwords, the Tennessee courts misapplied dictum that worked as a constructive fraud.

In this light, we can view the state defendant's subject-matter jurisdiction claim over Madison County judgment 96-589, as deceptive and duped this Honorable Court into believing that this court has standing to grant the defendants claim under TDOC Policy 503.03, simply because none of the lower courts have done their judicial duty (because of misleading dictum) and determined the threshold inquiry of subject-matter jurisdiction based on the record "which may be raised at any time in any court." State v. Witherspoon Law Group, 700 S.W.3d 370, 384 (Tn.App. 2023).

This should be no suprise to this court after the plaintiff submitted document 153 in this court, (notice of filing the public record), via hyperlinked DVD. Moreover, this is not the first exhibition of fraudulent records submitted to this court in this matter, as shown by document 161, PageID #1960-63 (Two different TDOC Policy(s) listed as 503.03, with an effective date March 15, 2018, approved by Tony Parker, addressing section VI. M, the subject-matter of document 169, PageID # 2027).

**WHEREFORE**, Jon Hall, claims that TDOC policy 503.03, is unconstitutional as applied to him and TDOC's new lethal injection protocol promotes degradation of the human spirit, based upon its intended purpose to kill Mr. Hall, as Attorney Amy Harwell made clear on valentine's day by saying that: "the State has filed its intent to have the Tennessee Supreme Court set an execution date;" based upon a facially void Madison County judgment trial record, that demonstrates that it lacks subject-matter jurisdiction over a Henderson County indictment, in violation of Tennessee Constitution Article 1, § 9; and the Fourteenth Amendment Due process clause of the United States Constitution. Making the plaintiff's best interest into this courts standing to render anymore punishment of paramount concern for Mr. Hall, which can only be addressed by SRVH counsel and Guardian Brad Maclean. Before they become agents to the fraud as bystanders in regards to their standing of the judgments imposed by Madison County Judgment 96-589, as stated herein. In short, Mr. Hall is looking for an Order to compel Brad Maclean to look into this interest of the court's standing over a (Madison Co. Judgment) based upon a Henderson County, Tennessee indictment.

Finally, Mr. Hall directs both SRVH Counsel and Brad Maclean to consider helping him with filing his eighteen (18 page) Third Petition For Writ of Habeas Corpus, as it is in need of proper consideration, since it refers to this Court's record for judging the standing of this Honorable Court.

Respectfully submitted,

_____
Jon Hall # 238941

"I ___Jon Hall___, DECLARE UNDER THE PENALTY OF PERJURY, that the foregoing information is true and correct, and based upon first hand knowledge." *Carter v. Clark*, 616 F.2d 228 (5th Cir. 1980) (28 U.S.C. § 1746; declaration under the penalty of perjury).

EXECUTED ON: 19th day of February 2025. Signature: ___Jon Hall___





P.J. 1:10 P.M. Mailbox @ 6:50 PM — 2/18/25

the beng-fed Mailbox (m), is scored and is not responsible for the contents Corrections/RMSI transferred and is not